## Ex Parte Lee Perry.

### Opinion filed February 23, 1916.

1. Two acts *in pari materia* passed at the same session of the legislature should be read together and so construed if possible as to permit a field of operation for both.

2. When there is a necessary conflict between a general act and a local act passed at the same session, the local act passed subsequently will prevail.

3. A local act prohibiting fishing in the waters of a county applies to some portion of a river within that county, when the middle of that river is made the boundary line and a portion of that river on both sides the boundary line is expressly excepted from the operation of the act.

4. When the meaning of an act is plain, a construction contrary to that meaning will not be placed upon it because an officer of the Executive Department grants a general license that may operate outside the purview of that act.

Original proceedings in Habeas Corpus, before Supreme Court.

Writ discharged.

*A. K. Powers* and *Wilson & Householder,* for Petitioner;

*T. F. West,* Attorney General, and *Glen Terrell,* Assistant, for the State.

Cockrell, J.—Upon petition to the Chief Justice a writ of Habeas Corpus issued, returnable before the

court. The petition omitting formal parts alleges that Lee Perry "is unjustly and without any authority in law imprisoned and restrained of his liberty in the common jail of Volusia county, Florida; that your petitioner was arrested on the 7th day of January, A. D. 1916, without warrant of law, and placed in the common jail of said county; that the affidavit and warrant upon which your petitioner was arrested states no offense known to the laws of the State of Florida, in that said affidavit charges your petitioner, 'That on the 7th day of January, A. D. 1916, in the county aforesaid (Volusia), one Lee Perry, did then and there haul and drag a seine in the fresh waters of the County of Volusia, State of Florida, to-wit: in the waters of the St. Johns River, for the purpose of catching food fishes,' as will more fully appear from copy of affidavit and warrant hereto attached and marked Exhibit 'A,' with the usual prayer for reference thereto as often as may be necessary.

That your petitioner had complied with Chapter 6877, laws of Florida, Acts Legislature, 1915, and was engaged at the time of his arrest in fishing under a license issued under and by virtue of said Act, Chapter 6877, Laws 1915, duly issued out of and under the authority of the Commissioner of Agriculture of the State of Florida, as will appear from a license hereto attached, and marked Exhibit 'B,' with the usual prayer for reference thereto as often as may be necessary.

That said affidavit charges no offense in this; that it does not allege that the St. Johns river is not connected with or borders on the Atlantic Ocean, or the 'Gulf of Mexico, and it is apparent that the St. Johns river comes within the purview of Section 1, Chapter 6877, Laws of Florida, Acts of Legislature 1915, 'Being an Act to Pro-

tect and Regulate the Salt Water Fishing Industry of the State of Florida, and to Provide Penalties for the Violation of this Act,' in that the St. Johns river not only borders on, and is connected with, but empties into the Atlantic Ocean, and is inhabited by great quantities of recognized salt water fish, to-wit: shad, mullet, herring, croaker, flounder, crab, and shrimp, as far south in said river as Lake Harney, and large quantities of said fish being exported from Seminole County, aggregating about $50,000 annually, as will be shown, affidavit hereto attached and marked Exhibit 'C,' and that your petitioner had complied with the requirements of said Act 6877, Laws of Florida, Acts Legislature 1915, in that your petitioner was engaged at the time of his arrest in fishing for shad, with a licensed boat, and seine, duly issued by the Commissioner of Agriculture of the State of Florida, as will more fully appear from said license hereto attached and heretofore referred to as Exhibit 'B.'

Your petitioner would further show that he is held in custody by said sheriff of Volusia County, Florida, without warrant or authority of law, in that the State relies solely upon Chapter 7120, Act 1915, which said Chapter amends Chapter 6806, Laws of Florida, Acts 1913, which is a local Act being applicable only as is apparent from the title of said Act to the waters in Volusia and Lake counties and not to the waters in Volusia and Seminole counties, or to the waters of the State of Florida, bordering on or connected with the Atlantic Ocean or the Gulf of Mexico.

Your petitioner would further show that he is held in custody by said sheriff of Volusia County, Florida, without warrant or authority of law, in that Chapter

7120 Acts 1915, Laws of Florida, which said Act is an amendment to Chapter 6806, laws of 1913, under which your petitioner is held in custody, is void and of no force and effect, in that, the said Act is a Local Act, applying only to the fresh waters in Lake and Volusia counties, State of Florida, and that by reason thereof, the said Act 7120, is in conflict with the General Act, Chapter 6877, Laws of Florida, 1915, which said General Act provides in Section 1, 'That all fish in the rivers, bayous, lagoons, lakes, bays, sounds, and inlets, bordering on or connected with the Gulf of Mexico, and Atlantic Ocean, or in the Guf of Mexico or Atlantic Ocean, within the jurisdiction of the State of Florida, are thereby declared, and shall continue and remain the property of the State of Florida, and may be taken and used by citizens of this State, and persons not citizens of this State, subject to the restrictions and reservations hereinafter imposed by this Act; and further that, 'Section 26 of said Chapter 6877, Laws of Florida, 1915, provides Section 26, 'All laws and parts of laws, whether General or Local, in their nature, in conflict with this Act, be, and the same are hereby repealed;' that the said Local Act, Chapter 7120, Acts 1915, Laws of Florida, Section 1, provides that: 'Section 1. It shall be unlawful for any person or persons, firm, or corporation, to haul or drag any seine of any kind in the waters of any fresh water rivers, streams, creeks, bayous, etc., in Volusia County, and Lake County, of the State of Florida; provided however, that none of the provisions of this Act shall apply to those waters known as Lake George, lying in Volusia County,' Section 2, Chapter 7120, Local Laws, 1915, attempts to define a fresh water stream as follows: 'Section 2, Any river, stream, or creek, having its source in the Interior of the State of Florida, and emptying into

fresh water, or salt water, shall be deemed a fresh water river, stream, or creek,' which Sections 1 and 2, it is apparent that they are in conflict with Section 1, of the General Acts, 1915, Chapter 6877, Laws of Florida, and is in conflict with, and repealed by Section 26 of said Chapter 6877, Acts, 1915.

Your petitioner would further show that he is held in custody by said Sheriff, Volusia County, Florida, without warrant, or authority of law, in that Chapter 7120, is against the organic law, and is in conflict with the General Act, Chapter 6877, Laws of Florida, 1915, in that Section 1, of said Chapter 6877, recognizes the right of the people of the State, to take and use the fish in the public waters of the State, subject to the regulations therein specified, and especially recognizes the public right, and the privileges of the people, by stating therein what shall be the public waters of the State, and said Local Act, 7120, does not recognize the right of an individual to fish in the public waters of the State; but is so worded, and of such a character, that it does in effect destroy such right, and is in direct conflict with the Constitution of the State of Florida, in that it denies rights retained by the people within the meaning of Section 24 of the Declaration of Rights of the State Constitution, of the State of Florida, and therefore, the said Act, Chapter 7120, Local Laws, of the State of Florida, 1915, is void, and unconstitutional, and is contrary and repugnant to the Constitution of the State of Florida, in that on its face it deprives your petitioner of his property rights, and his liberty without due process of law, and denies to him the equal protection of law which is guaranteed by the Constitution.

Your petitioner would further show that he is held in custody by said Sheriff of Volusia County, without

warrant or authority of law, in that Chapter 7120 Local Special Laws, Acts 1915, of the State of Florida, purports to regulate and deny your petitioner the right to labor within the meaning of the Federal Constitution, and the Constitution of the State of Florida; that said Statute 7120, Local Special Laws, Acts 1915, is inoperative, and of no effect, because it in effect, provides a Special or Local Law for the punishment of felony or misdemeanor, which is forbidden by the Constitution of the State of Florida, Article 3, Section 20; that said Chapter 7120, Local Special Laws, Acts 1915, is void and inoperative, because it directly affects the organic provisions of law which requires that all laws upon stated subjects shall not be local; but shall be general, and of uniform operation throughout the State, and that said Chapter 7120 Local Special Laws, Acts 1915, State of Florida, is unconstitutional because it denies to the citizens of the State equal protection of law, and is in direct conflict with Section 1 of the Declaration of Rights of the Constitution of Florida."

The return of the Sheriff to the writ presents no new facts and the petition sufficiently indicates the points sought to be presented.

In the argument for the petitioner, it was earnestly urged upon us that the general act regulating the salt water fishing industry of the State, Chapter 6877, controlled the right to fish in the St. Johns River, rather than the special or local act, prohibiting the hauling and dragging of seines in the fresh water rivers in Volusia and Lake counties, Chapter 7170. Both acts were passed at the same session, the general act having been approved May 25, 1915, and the local act bearing date June 4, 1915.

The two acts being *in pari materia* and having their

birth in the same legislature, should be read together, and if we could find a field of operation for both we should so construe them, and with this object in view we may assume that the St. Johns River is in the language of the first section of the general act, a river connected with the Atlantic Ocean. Section 13 of the general act expressly prohibits the use of haul seines or dragnets in the salt waters of Volusia and certain other counties, not however, including Lake county, and by another Special Act, Chapter 7119, the right to so fish in the salt waters of Volusia county was further defined.

Does Chapter 7120 leave any room for construction, for a holding that so much of St. Johns River as lies within the county of Volusia, should be excluded from the inhibition of the local act? That it is a river having its source in the interior of the State admits of no question, and being such a river it is a fresh water river, as defined by section two and legislated upon in section one. Is it a river "in" Volusia county? The legislation creating the county makes its westerly boundary go down the middle of this river; not only was this general act of the boundaries of the counties of the State before the legislature, but the special act removes all doubt as to the intention to include the St. Johns River within its protection, in the proviso to section one that none of its provisions shall apply to those waters known as Lake George lying in Volusia county. This lake is a part of the St. Johns River, which flows through it. It too is a boundary of Volusia, not lying wholly within that county, but belongs in part to that county, in part to Lake county, and in part to Putnam county. We are constrained to hold therefore that a part at least of the St. Johns River is a fresh water river in Volusia county, and that the legislature has made it unlawful to haul or drag seines in

that part of the river.   There is then a necessary conflict between the general act and the later special act, and therefore as in this particular the general act may not operate in that locality.

The power of the legislature over the fishing industry of the State has been so recently and elaborately gone into by this court, that we need only refer to our opinion in Ex Parte Powell.   70 Fla. 363, 70 South. Rep. 392.

We may not consider the financial losses of those engaged in the fishing industry; such matters of policy are for the legislature.   Courts are established to apply the law, not to make it.

The petitioner   relies   on a Salt Water Fishing License, granted by the Commissioner of Agriculture, as being a practical construction of the legislation in his favor by the Executive Department.   Two answers present themselves to this suggestion.   The courts yield to such constructions only in cases of doubt, and again the license does not purport to permit the hauling and dragging of seines in the St. Johns River in Volusia or Lake counties.

The writ is discharged and the petitioner is remanded.

TAYLOR,   C. J., and SHACKLEFORD and   ELLIS, JJ., concur.

WHITFIELD, J., absent on account of illness.