EDWARD HAMLER, *Appellant,* v. CITY OF JACKSONVILLE, a Municipal Corporation of Duval County, Florida, et al., *Appellees.*

Division B.

Opinion filed May 14, 1929.

808

*P. H. Odom,* for Appellant;

*Austin Miller, Gov Hutchinson, Emmett Safay* and *Harvey Mabry,* for Appellees.

BUFORD, J.—In this case the appellant sought to restrain the City of Jacksonville from installing electric wiring in private houses for the purpose of furnishing electricity for electric ranges, stoves, and water heaters and other electrical appliances.

A demurrer to the bill of complaint was sustained and the bill dismissed.

In the case of Jacksonville Electric Light Company v. City of Jacksonville, 36 Fla. 229, 18 So. R. 677, this Court determined the pivotal question involved in this suit by saying:

The charter act of the City of Jacksonville (Chap. 3775, Acts of 1887) conferring power upon the city council to provide for lighting the city by gas or other illuminating material, or in any other manner, together with other specified powers, held sufficient to authorize the erection and maintenance at public cost of an electric plant of sufficient power and capacity to light not only the streets and public places in the corporation, but also for the purpose of supplying the inhabitants of the city with electric light for use in their private residences and houses.

Later, Section 5 of Chapter 5347, Acts of 1903, provided:

The city executive board having the management of the water and electric plants of the city shall extend, enlarge and improve those properties from time to time as may be necessary to meet all demands for water and electricity, and shall use for that purpose such parts of the profits of said property as may be necessary. Said board shall have full power, by the affirmative vote of a majority of all of its members, to enter into contracts covering terms of years for the furnishing of power, light or water, for use in connection with the operation of street railways or manufacturing institutions, or for any purpose reasonably requiring such term contract. Said board shall, so far as practicable, furnish electric lights to all citizens desiring the same, and shall not fix a minimum charge exceeding one dollar per month, provided the reasonable cost of making connection and installation is paid. The city shall not sell, lease or otherwise part with the control and management of the waterworks or electric light plant, but shall continue perpetually the maintenance, control and operation thereof in the interest of its citizens.

First, we must recognize that it is a well established rule that municipalities have two classes of power, one of which is the legislative, governmental or public power, and the other is proprietary and *quasi* private, that is corporate power. Under the former the municipality may act only as a sovereignty and in the exercise thereof it governs and controls the inhabitants within its jurisdiction. Under the latter the municipality may act for the private advantage of the inhabitants or for the private advantage of the city itself. That such powers are clearly separate and distinct is evident and the functions to be exercised by a municipality under the first named class of power should not be confused with the functions which it may exercise under the second named class of power. Incorporated town of Cedley v. Ocheyddan Electric Co., 187 N. W. R. 562; First National Bank v. Emmittsburg, 138 N. W. R. 451; Pikes Peak Power Co. v. City of Colorado Springs, 105 Fed. R. 1; Omaha Water Co., v. City of Omaha 147 Fed. R. 1; Milwaukee v. Raulf, 159 N. W. R. 819; Covington v. Kentucky, 173 U. S. 110.

With the light of these decisions before us, it is clear that the City of Jacksonville in performing the work complained of was acting in its proprietary corporate capacity as distinguished from its governmental capacity and is, therefore, governed by the same laws and may exercise the same rights of a private corporation engaged in a similar undertaking. In this the corporation is operating and maintaining a public utility as a more or less of a business venture and the court should not interfere with the reasonable discretion of the properly constituted officers or authorities in the operation of such venture.

In McQuillen Municipal Corporations, Vol. 4, page 3840, the writer says:

The power of a municipality to construct and operate a public utility plant or a street railway or the like, where conferred either expressly or by necessary implication, is not mandatory, but vests a discretion in the corporate authorities which will not be interfered with by the courts in the absence of bad faith; and the same rule applies as to its contracts for services and supplies in the construction or operation of the municipal plant. Thus, a municipality, in the exercise of its discretion, may select any system that will furnish lights of the required brilliancy at the lowest rates. Furthermore, courts can not restrain a municipality which has elected to construct an electric light plant, from so doing, notwithstanding the undertaking will result in loss to it as well as to a private competitor.

In the management and operation of its plant, a "city is not exercising its governmental or legislative powers, but its business powers, and may conduct it in the manner which promises the greatest benefit to the city and its inhabitants in the judgment of the city council; and it is not within the province of the court to interfere with the reasonable discretion of the council in such matters."

Pond on Public Utilities, 3rd Edition, Sec. 5, page 16, says:

Limitation of Governmental Powers.—The powers of the municipal corporation in its capacity as an agent of the State are well defined and strictly limited by the statutory provisions granting them. There is little or no opportunity here for invoking the doctrine of liberal construction nor for extending its sphere of activity by the doctrine of implied powers. It is the duties of the sovereign that are to be performed in the

manner provided by law and its interests alone are to be considered.

On the other hand, the municipal corporation in its private. proprietary and essentially business or commercial aspect acts as a property owner and the proprietor of a business enterprise for the private advantage of the city and its citizens has a distinct legal personality and may exercise its business powers very much in the same way as a private individual or corporation. In the erection and operation of gas works, electric light plants, water-works and the like, as well as in contracting for such service and in attending to matters of local interest merely for the special benefit and advantage of the city and its citizens, a municipal corporation acts as a business concern.

In 19 R. C. L. page 791, it is said:

A municipal corporation having express authority to operate an electric light and power plant may lawfully as an incident thereto sell and install electrical apparatus and supplies for compensation and lay conduits to enable it to supply surplus steam from the plant to heat the houses of its inhabitants. Andrews v. South Haven 187 Mich. 294; 153 N. W. R. 827; Milligan v. Miles City, 51 Mont. 374, 153 Pac. R. 276.

And so it is that we find no error in the order of the chancellor in sustaining the demurrer to the bill of complaint and dismissing the same.

Affirmed.

TERRELL, C. J., AND WHITFIELD, J., concur.

BROWN, J., concurs specially. .

ELLIS, J., dissents.

STRUM, J., disqualified.

Brown, J. (Concurring Specially) : While the city may not be required to stop at the property line, but may connect its electric plant by wires leading from the street into private homes, when desired by the owners, so as to connect with the electric lights, electric ranges, water heaters, etc., in the homes of its citizens, I seriously doubt if it can go further, and enter the domain of private business by selling and installing such electrical apparatus, as stoves, heaters, etc., which latter can best be left to private business and the free play of competition. As I understand this case, the city is only seeking to furnish electric current for light and heating purposes and carry such current by necessary wire connections to the consumer, at the point of consummation. This is consistent with the public utility and public purpose authorized by its charter. It cannot arbitrarily and unnecessarily enter the field of private business. See Reen v. Waycross, 101 Ga. 588, 29 S. E. R. 42. In fact, I doubt the constitutional power of the legislature to authorize municipalities to enter the domain of private business.