CITY OF ORLANDO v. T. H. EVANS, HOWARD C. BABCOCK, HARRY L. McDONALD, H. N. BEARDALL and S. Y. WAY, severally as members of ORLANDO UTILITIES COMMISSION, and collectively as and constituting ORLANDO UTILITIES COMMISSION.

182 So. 264.

Opinion Filed May 28, 1938.

Rehearing Denied June 25, 1938.

610

*Campbell Thornal,* for Appellant;

*Giles & Gurney,* for Appellees.

CHAPMAN, J.—The parties to this cause will be referred to in this opinion as plaintiff and defendants as they appeared in the lower court. On September 30th, 1937, plaintiff filed in the Circuit Court of Orange County, Florida, its bill of complaint seeking a temporary restraining order against the defendant. The restraining order was by the lower court, without notice, granted. On a subsequent hearing on motion to dismiss and motion to dissolve filed by the defendant, an order was entered dissolving the restraining order previously entered and the motion to dismiss the bill of complaint was granted, but said order permitted and allowed 10 days from and after October 18, 1937, to amend the said bill of complaint.

An amendment to the original bill of complaint was filed in conformity with the order dated October 18, 1937, and on March 8, 1938, plaintiff filed its petition in the lower court for a constitutional writ. A motion to dismiss the bill of complaint as amended was filed on March 15, 1938, and on March 29, 1938, after argument of counsel for the respective parties, the lower court made and entered an order denying the petition for a constitutional writ and dismissing the bill of complaint as amended, with additional time to the plaintiff to amend the bill of complaint, which counsel declined to do, but perfected an appeal to this Court, with some five assignments of error predicated largely on the orders dated October 18, 1937, and March 29, 1938.

This Court advanced the cause on the docket for an early hearing because of public interest affecting largely the people of Orange County and surrounding territory. It becomes necessary to consider here the material allegations of the bill of complaint as amended, which show:

The plaintiff is a municipal corporation and in 1923 acquired title to an electric light and water works plants situated within the municipal boundaries of the City of Orlando, and that the plant consisted of real estate, generating and pumping machines, wires, poles, pipes, and other equipment incidental to a plant of this kind. The 1923 session of the Florida Legislature, by Chapter 9861, created a Board for said City and designated it by the name of Orlando Utilities Commission. The Act gave the Board full "authority over the management and control of the electric light and water plants of the City of Orlando." It likewise had power and authority to prescribe rates, rules and regulations governing the sale of electricity and water to the inhabitants and residents of the City of Orlando. It had power to borrow money under prescribed restrictions. The defendant, since its creation, had never been presumed to have power to make other than casual or incidental extensions to the plant, but recently the defendant had assumed the power or authority to make larger scale improvements.

It further alleges that it is the expressed intention of the defendant, without the consent, acquiescence or approval of the City Council of Orlando, to purchase a 10,000 kilowatt generator for the enlargement of the plant of the City at an estimated cost of $645,000.00, and had received bids therefor; that it was the intention of the defendant to award the bid for the purchase of the generator, sign a contract therefor, obligate the income of the plant, pledge its good name and credit for two-thirds of the purchase price in the form of deferred payments; that the generator was to be bought on a retain title contract, with one-third cash and the remaining amount to be paid over a long term; that the defendants planned to use approximately $100,-000.00 deposited with it, as part of the initial payment, by

customers of the plant; that the money deposited with the defendant was the property of its customers which it held in trust and was without legal authority to dispose of the same; that the proposed purchase was totally unnecessary and unjustified; that the present plant equipment is adequate and sufficient for the needs of the people of Orlando for a long time; that the Utilities Commission of necessity will be forced to finance the unpaid balance of the purchase price over a long period of time, thereby pledging its credit and the credit of the City without the approval of the City Council, and that the Utilities Commission is acting arbitrarily and without any reasonable basis in making the contract to purchase.

The grounds of the motion to dismiss are: (a) the bill as amended contains no equity; (b) is predicated upon conclusions of law of the pleader; (c) it was the lawful duty of the defendant to equip the plants as described in the bill as amended; (d) the bill as amended on its face shows the defendants have authority to make the purchase and extension as described; (e) the allegations as to pledging the credit of the City of Orlando is insufficient in law; (f) the bill of complaint as amended fails to show usurpation of authority on the part of the Orlando Utilities Commission; (g) that it fails to show that the City Council of Orlando is lawfully authorized to interfere with the purchase and extension of the plant contemplated by the Orlando Utilities Commission; (h) the statutes of Florida give the Orlando Utilities Commission authority to make not only the purchase, but the improvements; (i) the City Council under the charter of the City of Orlando was without authority to control the electric light plant of the City or the Orlando Utilities Commission with respect to the purchase and the contemplated improvement.

Counsel for the parties, from the briefs filed, are in hopeless discord as to the question or questions arising from the record to be determined by this Court. It appears, out of fairness to counsel of record and the parties litigant, that the question for decision here is: Has the Utilities Commission of the City of Orlando, under Chapter 9861, Special Acts of 1923, as amended by Chapter 10968, Special Acts of 1925, the power or authority to make expenditures and obligations jointly approximating $645,000.00, partly in cash and evidenced by retain title contract therefor for the sole and only purpose of making extensions and enlargements of the electric light plant of the City of Orlando without the approval of the City Council or a vote of the people of said City?

The title and ownership of the electric plant is vested in the City of Orlando. The authority to own the same is granted generally by the Legislature to all cities and towns of Florida, and the law is, viz.:

"3058 (1925). MAY ESTABLISH, LEASE OR PURCHASE ELECTRICITY OR GAS PLANT.—Any city or town, may, under the limitations of this Chapter, construct, purchase, lease or establish and maintain within its limits one or more plants for the manufacture or distribution of gas or electricity for furnishing light for municipal use, and for the use of such of its inhabitants as may require and pay for the same as herein provided. Such plants may include suitable land, structures, easements, water privileges, stations, gasometers, boilers and engines, dynamoes, machinery, pipes, conduits, hose, conductors, burners, lamps and other apparatus and appliances for making, generating, distributing and using gas or electricity for lighting purposes."

"3059 (1926). How AUTHORITY EXERCISED.—No city or town shall exercise the authority conferred in Section 3058 until after a vote that it is expedient to exercise such

authority, shall have passed its city council by a two-thirds vote of the members of said city or town council at a meeting duly called and held for that purpose, and received the approval of the mayor, and thereafter have been ratified by a majority of the voters voting thereon at an annual or special municipal election to be called and held for that purpose, and the result of such vote duly declared by the clerk of the said town or city council, and recorded in the minutes of such town or city."

"3062 (1929). RECONSTRUCTION AND EXTENSION OF PLANT.—Any city or town owning a plant for the manufacture or distribution of gas or electricity may reconstruct, extend or enlarge the same, but no such reconstruction, extension or enlargement beyond the necessary and ordinary maintenance, repair and replacement thereof, except such increased appliances for the manufacture and distribution of gas and electricity as may be necessary to furnish the same to the takers, shall be undertaken or made except by the vote provided by Section 3059 in the case of the issue of bonds."

(Compiled General Laws of Florida, 1927.)

It is clear that the statutes, *supra,* will control the case at bar unless they are superseded by Chapter 9861, Special Acts of 1923, as amended by Chapter 10968, Special Acts of 1925. While the latter, as amended, appears to be complete within itself, a casual consideration shows that it is in irreconcilable conflict with Sections 3058, 3059 and 3062, Comp. Gen. Laws 1927, and the provisions of each are palpably contradictory. Let us determine if the Legislature of Florida had the power to enact Chapter 9861, Special Acts of 1923, and amended Chapter 10968, Special Acts of 1925. Section 8 of Article VIII of the Constitution of Florida gave the Legislature of Florida power to establish, and to abolish municipalities, to provide for their govern-

ment, prescribe their jurisdiction and powers, and to alter or amend the same at any time. This Court in many cases has recognized this grant of power to the Legislature. See: Hayes v. Walker, 54 Fla. 163, 44 So. 747; State v. Tampa Waterworks Co., 56 Fla. 858, 47 So. 358; City of Tampa v. Prince, 63 Fla. 387, 58 So. 542; Merrell v. City of St. Petersburg, 64 Fla. 367, 60 So. 349; City of Jacksonville v. Bowden, 67 Fla. 18, 64 So. 769; L. R. A. 1916D, 1913; Attorney General v. Connors, 27 Fla. 329, 9 So. 7; State v. Dillon, 32 Fla. 545, 14 So. 383; City of Tampa v. Tampa Waterworks Co., 45 Fla. 600, 34 So. 631-639.

The Constitution of Florida authorizes the Legislature of Florida to pass special laws conferring powers upon municipalities. Hardee v. Brown, 56 Fla. 377, 47 So. 834; Ferguson v. McDonald, 66 Fla. 494, 63 So. 915.

Where there is a conflict between the general law and special charter provisions included in a legislative Act, it is well settled that the special charter provisions will prevail. See Broward v. Garrison Inv. Corp., 121 Fla. 45, 163 So. 212; City of Apalachicola v. State, 93 Fla. 921, 112 So. 628; Wade v. City of Jacksonville, 113 Fla. 718, 152 So. 197; Ex Parte Perry, 71 Fla. 250, 71 So. 174; State v. City of Miami, 101 Fla. 292, 134 So. 608; Sanders v. Howell, 73 Fla. 563, 74 So. 803; Ferguson v. McDonald, 66 Fla. 494, 63 So. 915; State, ex rel. Dofnos Corporation, v. Lehman, 100 Fla. 1401, 131 So. 333.

Counsel for appellant contends that Chapters 9861 and 10968, supra, are each unconstitutional and void: (a) because the Legislature could not interfere with the administrative control of utilities plants; (b) that Legislature could not create a self-perpetuating administrative board to supersede the City of Orlando in the management and control of the plants. It appears that this Court, in the case of

State, ex rel. Johnson, v. Johns, 92 Fla. 187, text 194, 109 So. 228, gave a full and complete answer to the objection last made when it said:

"The principle of local self-government is predicated upon the theory that the citizens of each municipality or governmental subdivision of a State should determine their own local public regulations and select their own local officials; but the extent to which and the manner in which the principle may be made applicable, depends upon the provisions of controlling organic and statutory laws of the particular State. See Mayor, etc., of City of Americus v. Perry, 114 Ga. 871, 40 S. E. Rep. 1004, 57 L. R. A. 230, 6 R. C. L. 23, 21 Fla. 280; 44 Ohio St. 348, 89 S. W. 985. The Legislature has plenary power over municipalities except as restrained by the Constitution. Sec. 8, Art. VIII, Const. Municipal officers are statutory officers subject to legislative action; and the right to vote in municipal elections is controlled by statute and not by organic provisions relating to State elections. See State, *ex rel*. Attorney General, v. Dillon, 32 Fla. 545, 14 South. Rep. 383. Municipal corporations have, in the absence of constitutional provisions safeguarding it to them, no inherent right of self-government which is beyond the legislative control of the State. 262 U. S. 182, 43 Sup. Ct. Rep. 534; 29 A. L. R. 1471; 55 L. R. A. 740; 48 L. R. A. 465; 50 L. R. A. 330; 1 Dillon Munic. Corp. (5th Ed.) Sec. 98."

The first objection as to the constitutionality of the Acts, *supra,* is answered by the authority of Hamler v. City of Jacksonville, 97 Fla. 807, 122 So. 220. See State, *ex rel*. Landis, v. Dyer, 109 Fla. 33, 148 So. 201; Loeb v. City of Jacksonville, 101 Fla. 429, 134 So. 205, 79 A. L. R. 459.

We therefore hold that the Legislature of Florida had the power to enact Chapters 9861 and 10968, *supra,* and that they are constitutional and supersede Sections 3058,

3059 and 3062, C. G. L., *supra,* in so far as they appertain to the electric light and water plants of the City of Orlando.

We now consider the power or authority given under Chapters 9861 and 10968, *supra,* to the Utilities Commission of the City of Orlando to make the extensions or improvements to the electric light and water plants of said City. The pertinent portions of Chapter 9861 are Sections 6 and 9 thereof, which read as follows:

"Sec. 6. The Utilities Commission *shall have full authority over the management and control of the electric light and waterworks plants in the City of Orlando* and shall elect and discharge at their pleasure all employees of said city whose time and services are wholly occupied in the discharge of duties directly in connection with the said electric light and waterworks plants." (Emphasis supplied.)

"9. The said Utilities Commission is hereby authorized to furnish electricity, power and water to private individuals and corporations in any part of Orange County and for said purposes said Utilities Commission shall have the right to construct and maintain electric lines and water mains in and along and under all public highways throughout the County, including the streets of any municipality, and may contract with any other municipality in Orange County for furnishing electricity, power and water."

The Utilities Commission was granted by the provisions, *supra,* "full authority over the management and control of the electric light and water plants in the City of Orlando." Bouvier's Law Dictionary defines the word "full" as "complete, entire, detailed." Webster defines "full" as "abundantly furnished or provided; sufficient in quantity or degree; copious, plenteous, ample or adequate." It is positive that the management and control of the electric light and water plants of the City of Orlando by the Utilities

Commission of said City shall not only be entire, but adequate and complete in furnishing electricity to the general public of said city and the facilities of supplying the necessary equipment and appliances in carrying out the purpose was fully provided and authorized.

It is further contended that the power to make the extension and enlargement in the case at bar was not granted by the legislative Acts, *supra,* to Utilities Commission of Orlando, nor can the power be granted by intendment or any reasonable inference in the interpretation of the Acts. The following authorities are cited to support this conclusion: *Re:* Henry Edward Sanders, 53 Kan. 191, 36 Pac. 348, 23 L. R. A. 603; Chicago B. & N. Ry. Co. v. Porter, 43 Minn. 527, 46 N. W. 75; Mitchell v. Winnek, 117 Cal. 520, 49 Pac. 579; Ure v. Ure, 185 Ill 216, 56 N. E. 1087; Young v. Trustees of Fountain Inn Graded School, 64 S. C. 131, 41 S. E. 824; Field v. Board of Water Comm'rs of Manistee, 156 Mich. 186, 120 N. W. 610; Baily v. City of Philadelphia, 184 Pa. St. 594, 39 Atl. 494; Commissioners v. Sewickley Burrough, 159 Pa. St. 194, 28 Atl. 169; Coykendall v. Harrison, 150 App. Div. 46, 134 N. Y. S. 446.

The grant of power to the Utilities Commission of the City of Orlando was authorized under Section 8 of Article VIII of the Constitution of Florida. We doubt the wisdom of a strict construction of the grants of power, *supra,* so as to defeat or affect the intention of the Legislature when such power is implied if not clearly expressed as above shown. See: Jacksonville Electric Light Co. v. City of Jacksonville, 36 Fla. 229, 18 So. 677; Hamler v. City of Jacksonville, 97 Fla. 807, 122 So. 220; State, *ex rel.* Cummer, v. Pace, 121 Fla. 871, 164 So. 723; State, *ex rel.* Comfort, v. Leatherman, 99 Fla. 899, 128 So. 21.

It is next contended that a favorable expression of the electors of the City of Orlando would be necessary before an obligation for improvement or extension of the electric plant could be had. We are not satisfied with the authorities cited to sustain this conclusion. In the case of the State of Florida v. City of Clearwater, 124 Fla. 354, 168 So. 546, the Court had before it an ordinance adopted by that city "stating that certain additions and improvements to the gas plant were necessary and authorized an issue of gas revenue certificates in the amount of $79,000.00 to finance these improvements." The ordinance specifically provided "that these certificates should be paid off out of a special fund to be derived from the operation of the gas plant; and that no taxes should ever be levied or no money diverted from any other fund for the purpose of paying either interest or principal of said gas improvement certificates." The ordinance did not provide for an election to authorize or ratify the issuance of these certificates under Section 6, Article IX, of the Constitution of Florida, and the city proposed to sell the certificates without having them voted on by the freeholders. This Court held that such a vote was unnecessary and validated the gas certificates under the authority of State v. City of Miami, 113 Fla. 280, 152 So. 6; State v. City of Lake City, 116 Fla. 10, 156 So. 924; State v. City of Daytona Beach, 118 Fla. 39, 158 So. 300. The Utilities Commission of the City of Orlando has the authority to make the said extension or improvements as set out and described in the bill of complaint as amended.

Careful consideration has been given to each assignment argued here. We are unable to find error in the record and for this reason the decree appealed from is hereby affirmed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

## On Rehearing.

Per Curiam.—On petition for rehearing the judgment of this Court entered May 28, 1938, is now reaffirmed without prejudice to the court below to allow amendment to the Bill of Complaint on the filing of a supplemental Bill of Complaint, as the complainants may be advised to definitely present the question of the valid exercise of discretion of the Commission in the exercise of the power complained of. This order is made because our conclusion is that although the Bill of Complaint attempts to allege an abuse of power by the Commission in and about the contemplated repairs or extension of the electric light and water plants the allegations are too vague and indefinite to warrant relief, but show that there may be such facts which if properly alleged might warrant prejudicial interference. Petition for rehearing denied and the cause remanded for further proceedings if same may appear warranted.

Whitfield, Brown, Buford and Chapman, J. J., concur.