THOMAS, Justice.
The relator, Charles J. Bodner, was removed by the village council of El Portal from his position as judge and sought reinstatement by mandamus. -An alternative writ was issued and later quashed. He appeals from the judgment discharging the writ.
Since 12 January 1954 the relator had served as mayor of the' village of El Portal which exists by virtue of Chapter 19799 of the Laws of Florida, Special Acts of 1939. On that day a motion was made and carried by the council that the mayor be also chief judge of the village. The . relator served both as mayor and judge until 22 July 1954 when by motion duly made and carried he was removed from the judgeship.
The relator claims that the action of the council was illegal and void because it violated his rights under Sec. 12 of the Declaration of Rights of the Florida Constitution, F.S.A., by depriving him of the office without due process of law; violated Sec. 165.-18, Florida Statutes 1953, and F.S.A., and Sec. 2 of Article III of the city charter by removing him without cause; and con-, travened Chapter Í68, Florida Statutes' 1953, and F.S.A., which, it was alleged, “establishes the Mayor as the Judge of the Municipal Court in such cases.”
Furthermore, charges the relator, the council’s action was illegal because it was taken in derogation of Robert’s Rules of Order, adopted by that body as a parliamentary guide, a similar motion made by a councilman 11 May 1954, having been lost, and similar motions offered by the same councilman 18 May and 18 June 1954 having been declared out of order. He contended that the motion eventually adopted could have been properly made only by one who had voted on the prevailing side, which was.not the case, and that the motion which resulted in his removal could properly have been made “only * * * on the day the original vote was taken or the succeeding day * * * [but] was made more than five months after the original motion was lost.”
The circuit judge came to the conclusion that the council had the right to remove the *914 judge without cause under the section of the charter to which we have referred so he quashed the .alternative writ.
In this appeal the relator seems to have abandoned his attack on the ground that Robert’s Rules of Order were ignored in accomplishing his removal so we will confine our consideration to the substance of the two questions he propounds involving the matters of due- process and the conflict between the council’s action and the provisions of Sec. 165.18, supra.
Sec. 2 of Article III, supra, provides that “The council, in its discretion, may áppoint and prescribe the duties and compensation of a Town Clerk, Town Judge, Town Attorney and such other employees as may be necessary.” (Italics supplied.) This is fol-' lowed by provisions that the clerk shall be appointed by the council for a term of two years and shall hot be removed except for cause, and that a chief of police may be appointed in that way for a like term. The chief of police may be -removed without cause by the council upon written recommendation of the councilman who is assigned supervision of the police department. Then ' follows this significant provision “Any other office or position may be discontinued by the Council at any time, and such officer or employees may be removed by the Council without cause.”
It is clear to us that but two officers, or employees, had fixed terms, the clerk and the chief of police. There is nothing either in the charter or the action by the council appointing relator from which it could be logically inferred that when the mayor was chosen judge the term of that office, if it could be dignified by the title ‘office’ in view of the peculiar language of the law, should be coextensive with the term of the office of mayor.
As we construe the section it was discretionary with the council to appoint a judge, and all appointees, except the clerk and, of course, councilmen to fill vacancies, could be removed without cause. Such was the wording of the law when the relator assumed the added duties and by it his position should now be judged. That being our view, we find no reason for an excursion into the sphere of constitutional law to determine whether he was deprived of property without due process of law. We risk the charge of triteness to observe that one may not be deprived of a right which he did not possess.
As for Sec. 165.18, supra, it has no application. The city of El Portal was operating under the charter granted it by the legislature and the cited provision of the general law is inapplicable. City of Orlando v. Evans, 132 Fla. 609, 182 So. 264.
Affirmed.
DREW, C. J., and HOBSON and THOR-NAL, JJ., concur.