180 So.2d 335 (1965)
Henry MAJOR, Appellant,
v.
The STATE of Florida, Appellee.
No. 34203.
Supreme Court of Florida.
November 17, 1965.
*336 Harvey J. St. Jean, Miami Beach, for appellant.
Richard E. Gerstein, State Atty., and N. Joseph Durant, Jr., Asst. State Atty., for appellee.
CALDWELL, Judge.
This cause is here on appeal to review the decision of the Criminal Court of Record of Dade County upholding the validity of F.S. § 817.41, F.S.A., the basis of the information charging Henry Major, defendant, appellant herein, as follows:
"* * * Henry Major on the 1st day of January, 1963, in the county and state aforesaid, did then and there unlawfully cause to be made or disseminated before the general public in a newspaper, THE MIAMI HERALD, a misleading advertisement, towit:
`NOTICE ESTATE SETTLEMENT
`61 Buick Le Sabre 2 door, hardtop, dynaflow, power steering, power brakes, radio, heater, seat belts, etc. show room condition, paid over $4,000 new, fantastic opportunity, must be sole today Jan. 1st, regardless of price, on a 1st come basis. Dealers invited. (Deposit will hold) Private TU 8-1802.'
said advertisement stating `Estate Settlement' which statement was false and misleading, in violation of F.S. § 817.41 * * *."
Defendant's motion to quash the information on the grounds it was vague, indefinite and unconstitutional, was denied.
On appeal the defendant raises the following points:
1. "Whether the information for violating F.S. § 817.41 was unconstitutional in that it is vague, indefinite, uncertain and fails to set forth a standard sufficient to apprise the defendant of the acts which he did to violate said statute."
2. "Whether the F.S. § 817.41 makes the elements of the crime of `taking money or property under false pretenses' an essential requirement to prove a violation under said statute."
As a general rule the Florida courts have held that indictments and informations which charge in terms of a statute are sufficient. Herrell v. State, 79 Fla. 220, 83 So. 922 (1920); Gibbs v. Mayo, 81 So.2d 739 (Fla. 1955); 17 Fla.Jur., Indictment and Information §§ 55-57. But appellant contends that because the statute itself *337 is vague and indefinite, in that it describes no ascertainable standard of guilt, the information against him violates constitutional guaranties.
Florida Statute § 817.41, F.S.A., prohibiting misleading advertising, originated as § 2 of Chapter 59-301, Acts of 1959. Section 1 of that Act, now F.S. § 817.40, F.S.A., provides in pertinent part as follows:
"False, misleading and deceptive advertising and sales; definitions.  When construing this act, and each and every word, phrase or part thereof, where the context will permit: * * * The phrase `misleading advertising' includes any statements made, or disseminated, in oral, written or printed form or otherwise, to or before the public, or any portion thereof, which are known, or through the exercise of reasonable care or investigation could or might have been ascertained, to be untrue or misleading, and which are or were so made or disseminated with the intent or purpose, either directly or indirectly, of selling or disposing of real or personal property, services of any nature whatever, professional or otherwise, or to induce the public to enter into any obligation relating to such property or services."
Appellant contends that he cannot be found guilty of violating § 817.40 (the definition section) under an information charging a violation of § 817.41 (the prohibition and penalty section). However, as we have indicated, the two sections were enacted as parts of the same act and are plainly intended to be read together. Ervin v. Capital Weekly Post, 97 So.2d 464 (Fla. 1957); Vocelle v. Knight Bros. Paper Co., 118 So.2d 664 (Fla.App. 1st 1960).
Florida Statute § 817.40, F.S.A. requires that the definition prescribed be read into F.S. § 817.41, F.S.A. It is noted that, absent such requirement, the general rule of statutory construction would exact the same result.[1]
Appellant insists, under his second point on appeal, that, to obtain conviction under F.S. § 817.41, F.S.A., the information must charge and the state must prove all the elements of the crime of obtaining money by false pretenses and, as authority for this contention, cites the following portion of F.S. § 817.41, F.S.A.:
"Such making or dissemination of misleading advertising shall constitute and is hereby declared to be fraudulent and unlawful, designed and intended for obtaining money or property under false pretenses."
Appellant argues it was necessary that the prosecution allege and prove the purchaser in question relied upon misleading advertising to his detriment.
Our view is to the contrary. The above quoted clause of the statute was intended to eliminate the need to prove the elements of a crime of false pretenses once the dissemination of misleading advertising was established.
The decision of the Criminal Court of Record, Dade County, is affirmed.
THORNAL, C.J., and THOMAS, ROBERTS and ERVIN, JJ., concur.
NOTES
[1] Statutes relating to the same subject matter must be read in pari materia, Davis v. State, 146 So.2d 892 (Fla. 1962); Amos v. Conkling, 99 Fla. 206, 126 So. 283 (1930) and this rule is applicable with special force where the statutes in question were enacted by the same legislature as part of a single act, Ex parte Perry, 71 Fla. 250, 71 So. 174 (1916).