Mr. Allen W. Lindsay, Jr. City Attorney City of Milton Post Office Box 586 Milton, Florida 32572
Dear Mr. Lindsay:
This is in response to your request for an opinion on substantially the following question:
 WHAT EFFECT DOES s 166.021(4), F.S., OF THE MUNICIPAL HOME RULE POWERS ACT HAVE ON CH. 73-551, LAWS OF FLORIDA, AS AMENDED, WHICH ESTABLISHED A CIVIL SERVICE SYSTEM FOR THE CITY OF MILTON, SPECIFICALLY s 34 THEREOF WHICH PROVIDES THAT THE ACT MAY BE AMENDED BY CITY ORDINANCE, APPROVED BY A MAJORITY OF THE CLASSIFIED SERVICE?
During the 1973 legislative session, the Legislature enacted Ch. 73-551, Laws of Florida, effective October 1, 1973, which created a civil service system for certain employees of the City of Milton and established a civil service board to administer said system. Chapter 73-551 (Senate Bill 334) became a law without the Governor's signature and was filed in the Secretary of State's Office on June 27, 1973. See, Journal of the Florida Senate, 1973, pp. 919 and 920, which respectively state that SB 334 was presented to the Governor on June 11, 1973 and that the Senate adjourned that year on June 6, 1973. See generally, s 8, Art. III, State Const. Section 34 of Ch. 73-551 provides that the act "may be amended by ordinance passed by the city council and approved by a majority of the classified service upon secret ballot. Classified employees may amend this act by approval of the city council on a majority vote."
During the same legislative session, the Legislature adopted the Municipal Home Rule Powers Act, Ch. 166, F.S. See, Ch. 73-129, Laws of Florida, approved by the Governor on June 7, 1973, and filed in the Secretary of State's Office on June 8, 1973. The effective date of Ch. 73-129 was also October 1, 1973. See, s 7, Ch. 73-129, Laws of Florida. Section 166.021(4), F.S. (s 1, Ch. 73-129, Laws of Florida), in providing that the section shall be construed to secure for municipalities the broad exercise of home rule powers granted by the Constitution, states, however,
 [N]othing in this act shall be construed to permit any changes in a special law or municipal charter which affect . . . any rights of municipal employees, without approval by referendum of the electors as provided in s. 166.031. . . . (e.s.)
Based upon the language contained in s 166.021(4), you inquire as to whether the city may continue to amend the city's civil service system pursuant to s 34 of Ch. 73-551, Laws of Florida.
This office has previously stated that a special law establishing a civil service board and system for municipal employees may affect the rights of municipal employees as contemplated by s166.021(4). See, AGO 75-136 wherein this office concluded that pursuant to Ch. 166, the governing body of the City of Hallandale, in the absence of the approval of the municipal electorate as provided in s 166.031, could make no change in Ch. 30793, 1955 Laws of Florida, which affected matters prescribed by that law relating to the appointive civil service board established thereby or which affected the rights of city employees. Cf., AGO 73-427 defining "any rights of municipal employees" for purposes of s166.021(4) to include "anything conferred on municipal employees by the charter act or special act which is legally enforceable," and holding that a pension plan set out in a municipal charter is a "right" of municipal employees under Ch. 166.
In the instant inquiry, however, the provisions of s 166.021 (Ch. 73-129, Laws of Florida) and Ch. 73-551, Laws of Florida, were adopted during the same legislative session. Although both acts became effective on the same day, October 1, 1973, the enactment of Ch. 73-129 predates the enactment of Ch. 73-551. While different acts passed during the same legislative session on the same subject should be read in pari materia and be construed if possible so as to harmonize and give effect to the provisions of both, see, Curry v. Lehman, 47 So. 18 (Fla. 1908); Tamiami Trail Tours v. City of Tampa, 31 So.2d 468 (Fla. 1947); cf., s 1.04, F.S., where there is a necessary conflict between a general act and a subsequently enacted local act passed at the same session, the latter will prevail. See, Ex parte Perry, 71 So. 174
(Fla. 1916); and see, Loxahatchee River Environmental Control District v. Mann, 403 So.2d 363 (Fla. 1981) (general rule that special act takes precedence over a general law dealing with same subject matter especially holds true when both laws passed during same legislative session); State ex rel. Luning v. Johnson,72 So. 477 (Fla. 1916). See also, 82 C.J.S. Statutes s 297. Therefore, Ch. 73-551, as the special act enacted subsequently to Ch. 73-129, Laws of Florida, would prevail over any conflicting provisions contained in Ch. 73-129 to the extent of such conflict.
Accordingly, based upon the foregoing, I am of the opinion until and unless judicially or legislatively determined to the contrary that the provisions of Ch. 73-551, Laws of Florida, which established a civil service system for the classified employees of the City of Milton, may continue to be amended by ordinance passed by the city council and approved by a majority of the classified employees of the city as provided in such special law which takes precedence over the provisions of s 166.021(4), F.S., which was enacted before the enactment of Ch. 73-551.
Sincerely,
Jim Smith Attorney General
Prepared by:
Joslyn Wilson Assistant Attorney General