SHAW, Justice,
concurring in result only.
I do not agree that the Orlando Utilities Commission (OUC) has independent authority under Florida law to issue long-term revenue bonds under its own name without the approval of the City of Orlando. I do agree that the City of Orlando (City) has such authority and inasmuch as the City Council of the City has approved the issuance of the bonds by formal resolution, I concur in result only. I frankly do not understand why the OUC, a part of the city government of Orlando, persists in maintaining that it is not subject to the control of the elected representatives of the citizens of Orlando, particularly since such a position cannot be helpful in marketing the bonds. If, as OUC maintains and the majority holds, OUC is acting completely on its own authority without the necessity of City approval in issuing revenue bonds, then it becomes questionable whether the City and its citizens have any obligation, moral or otherwise, to the holders of the bonds. Caveat emptor.
I note first that this is a petition to refund previously issued bonds. The validity of the original bonds is not in question. I assume the original bonds were properly validated by the circuit court, although I note that appellant revealed during oral *345 argument that none of these original validations were appealed to or approved by this Court. I note also that although appellant asserts that OUC has been issuing long-term revenue bonds for almost fifty years, that the record itself is silent on this point. I suspect that these earlier bonds were either approved or issued by the City of Orlando.
Appellant presents a number of unpersuasive reasons why it has independent authority to issue long-term revenue bonds. Appellant first relies on a series of cases from this Court upholding the authority of certain municipalities to issue long-term revenue bonds. City of New Smyrna Beach v. State, 132 So.2d 145 (Fla.1960); State v. City of Key West, 153 Fla. 226, 14 So.2d 707 (1943); Trudnak v. City of Ft. Pierce, 135 Fla. 573, 185 So. 353 (1938); State v. City of Daytona Beach, 118 Fla. 29, 158 So. 300 (1934). Appellant argues that these cases recognize the authority of public utilities to issue revenue bonds. The fallacy of this argument is as obvious as the styles of the cases. Each case concerns the authority of a municipality to issue such bonds. Further, if one examines each of these cases, one finds that the legislature in chartering each of these cities, specifically authorized the city to issue long-term revenue bonds. See respectively, chapter 22408, Laws of Florida (1943); chapter 8290, Laws of Florida (1919); chapter 12746, Laws of Florida (1927); and chapter 10466, Laws of Florida (1925). The legislature did not authorize the issuance of long-term revenue bonds when it chartered OUC.
Appellant next relies on City of Orlando v. Evans, 132 Fla. 609, 182 So. 264 (1938), as authority to issue long-term revenue bonds. I do not read Evans so expansively. In Evans the dispute was whether OUC could purchase a 10,000 kilowatt generator for $645,000 with approximately one-third of the purchase price to be paid in cash and the remainder “on time,” despite the opposition of the City Council. The seller of the generator was to retain title until the purchase price was paid. We are not told whether the period of time involved in the payment was “long” or “short” term. Appellant urges that Evans is authority for issuing long-term revenue bonds totaling almost a billion dollars. I am not prepared to make such a leap.
Section 7 of chapter 9861, Laws of Florida (1923), as amended by section two of chapter 82-415, Laws of Florida, grants OUC independent authority to borrow money and incur indebtedness for the purposes of paying current operating expenses and for the acquisition, operation, maintenance, repair, extension, or improvement of any project relating to electrical and water facilities. This authority is explicitly limited to indebtedness with a maturity date of not more than three years. By its terms, however, section seven is in addition to the power and authority to borrow money otherwise provided by chapter 9861 or by general law. Orlando Utilities Commission is unable to cite any additional authority, either in chapter 9861 or general law, to borrow money. Instead, it relies on the general grant of authority in section 2 of chapter 61-2589, Laws of Florida:
Section 2. The Orlando Utilities Commission and the City of Orlando be and they are hereby authorized to do all. things necessary or required to carry into effect the provisions of this act.
Appellant’s position is that section 2 authorizes it to do anything which is necessary or required to obtain electric facilities and, further, that the conjunctive “and” should be read as a disjunctive “or” to permit the City of Orlando or the OUC to independently do all things necessary or required. I reject this position for a number of reasons. First, section 7 of chapter 9861 specifically refers to additional authority to borrow money. Section 2 of chapter 61-2589 does not explicitly refer to the authority to borrow money. Second, and most significantly, to read section two as appellant urges is to nullify entirely the limits which section seven places on the authority of OUC to borrow money. The more reasonable reading of the two sections, in pari materia, is that OUC, on its own authority, may incur indebtedness under specified *346 conditions for up to three years (short term), but that long-term indebtedness is subject to approval by the City of Orlando. Third, to read “and” as disjunctive as OUC urges is to authorize both the City and OUC to do whatever each feels is necessary or required even if their actions conflict. I do not believe that the legislature intended that there be two independent final authorities, each exercising plenary authority to do whatever it wishes. The OUC is a department of the City, subject to the authority of the City and of its citizens. It should not be permitted to function as if it were sovereign.
I would validate the bonds based on the approval of the City of Orlando.