Honorable Curtis A. Golden State Attorney First Judicial Circuit
QUESTION:
May the Okaloosa County Gas District sell, install, and service residential and commercial gas appliances, including the necessary mechanical and electrical work to install ductwork and to replace existing electrical appliances with gas appliances?
SUMMARY:
The statutory authority of the Okaloosa County Gas District to acquire, construct, own, operate, and manage gas distribution systems does not authorize the selling, installation, or service of gas appliances, nor does it authorize the performance of mechanical or electrical work in order to replace existing electrical appliances.
The Okaloosa Count Gas District (district) was created by Ch. 29334, Laws of Florida, Special Acts of 1953. Chapter 31051, Laws of Florida, Special Acts of 1955, amended the 1953 legislation such that the objects and purpose of the district is as follows:
 (1) To acquire by purchase or construction, one or both, and to own, finance, operate, maintain, extend and improve, one or more gas systems described as follows: (a) A gas transmission system or systems to connect each of the member municipalities and such other municipalities in its area of service as the District may determine to serve, with an adequate supply of natural gas, at such point or points, as the District may determine. (b) A gas transmission line or lines for the purpose of supplying gas to any gas system even though located outside of the area of service of the District. (c) A gas manufacturing plant and system. (d) Such gas distribution system or systems serving such member municipalities and other municipalities as the District may determine. (e) Such other facilities and lines as may be necessary or desirable to serve such other customers along its supply lines as the District may determine to serve or as the district as a public agency deriving income form a public utility, may be obligated to furnish service under the laws of Florida or the United States. (f) Such gas transmission lines, laterals, gas distribution systems and facilities to serve such customers in its area of service as the District or its Board of Directors may determine. (g) The District may itself own and operate gas distribution systems in its area of service, whether in the municipality which is a member of the District of in some other municipality or in unincorporated territory. (2) To acquire by manufacture, purchase or otherwise, natural or manufactured gas form any source whatsoever, public or private, now or hereafter available and to transport and transmit such gas so as to make the same available for sale and to sell and deliver gas to or within each of the member municipalities and to industrial and institutional users and to line tap commercial and residential users and to gas distribution systems within the area of service of the District, whether such gas distribution system is publicly or privately owned, and, if municipally owned, regardless that any municipality owning the same is not a member of the District.
The powers of the district are enumerated in s. 6, Ch. 29334, Laws of Florida, Special Acts of 1953, and include:
(1) to sue and be sued and to defend suits against it;
* * *
(3) To . . . acquire . . . real, personal and mixed property of any nature whatsoever that the board of directors may deem a necessary or convenient part of , or useful in connection with, any system or systems herein authorized; (4) to make contracts . . . for a supply or supplies of natural gas and for the sale and delivery of natural or manufactured gas; (5) To contract with any person, firm or corporation for the entire supervision, operation and management of any one or more of the systems of the District . . .; (6) to borrow money . . .;
* * *
(9) to establish, by resolution, rates and charges for its gas and gas services and to alter such rates and charges; (10) to collect and enforce collection of such charges; (11) to lease, exchange, sell, convey and otherwise dispose of its real, personal or mixed property . . .; (12) to appoint and employ officers, agents, and employees, including attorneys, as its business may require, and to fix their compensation;
* * *
(14) to exercise all powers of eminent domain now or hereafter conferred on counties in this state.
As a statutorily created entity, the district has only such power as is expressly or by necessary implication granted by the legislative enactment creating the district.[1] Unlike counties or municipalities which have been granted home rule powers, special districts possess no inherent or home rule powers. Created by statute for a specific limited purpose, the Okaloosa County Gas District may exercise only that power and authority as it has been granted by law.[2]
A review of the above cited legislation setting forth the purpose for the creation of the district has been authorized to sell, install, and service gas appliances. Furthermore, the expressed authority to supply gas to gas systems and to line tap residential or commercial users does not include the authority, by necessity or implication, to perform mechanical and electrical appliances for gas appliances.
Accordingly, it is my opinion that the Okaloosa Gas District does not possess the authority to sell, install or service appliances. Nor is it authorized to perform mechanical and electrical work necessary for the installation of gas appliances.[3]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Lee v. Division of Florida Land Sales and Condominiums, 474 So.2d 282 (5 D.C.A. Fla., 1985).
[2] Cf., AGO 90-63. And see, Forbes Pioneer boat Line v. Board of Commissioners of Everglades Drainage District,82 So. 346 (Fla. 1919). Footnote 3: Cf., Hamler v. City of Jacksonville, 122 So. 220 (Fla. 1929), in which the court determined that a municipality authorized to provide electrical utilities could lawfully, as an incident thereto, install electric wiring in private houses for the purpose of furnishing electricity. The Court recognized that the municipality was acting in a proprietary capacity and could, therefore, do anything for a municipal purpose which a private corporation could do. As noted above, however, a special district, such as the Okaloosa County Gas District, does not possess inherent authority to exercise powers which it is not expressly given or by implication necessary to carry out the express authority.