WIGGINTON, Judge.
Appellant is a duly elected and acting member of the City Council of the City of Port Orange, having been elected to this office for a two-year term ending December 31, 1957. Until June 12, 1956, he also held the offices of Vice Mayor and Municipal Judge, these offices being held under authority of Section 5 of the City’s Charter[1], which provides that at its first meeting after the election of members the Council shall select one of their number as Vice Mayor who shall also serve as judge of the Port Orange Municipal Court. This section prescribes the powers and duties of these offices, but fixes no definite terms of office.
Having been duly selected to occupy the offices of Vice Mayor and Municipal Judge, appellant continued to perform the duties incident thereto until June 12, 1956. On that date the Council conducted a regular business meeting at the conclusion of which the Mayor^Councilman, in accordance with what he conceived to be his responsibility, read to the members a number of Municipal Court cases which the Mayor felt had been improperly handled and disposed of by the appellant. Several officers of the Port Orange Police Department were called before the Council and interrogated as to their views concerning appellant’s handling of the cases in question. At the conclusion of this discussion appellant was asked whether he had any statement or questions relating to the criticisms which had been placed before the Council. Appellant’s only statement was to the effect that he felt his actions were justified in all the cases involved. Without further formality a motion was made, seconded and adopted by a three to two vote, whereby appellant was summarily removed from the offices of Vice Mayor and City Judge and the offices declared vacant. This action was immediately followed by the adoption of a resolution filling the “vacant” offices by selecting one of the majority members of the Council to fill the office of Vice Mayor, and a third party to fill the office of City Judge. The entire foregoing proceedings were conducted without prior notice to appellant and without benefit of formal charges against him.
Thereafter appellant petitioned the Circuit Court of Volusia County for an alternative writ of mandamus commanding the rescission of the aforementioned resolutions and his re-instatement by the Council to the offices of Vice Mayor and City Judge, or that the Council show cause for not so doing. Upon answer by the respective Council members and a hearing thereon the court entered its final judgment dismissing the petition and taxing costs against appellant. The final judgment was based upon the court’s finding that the Council acted within its authority. It is from this order of dismissal that appeal is taken.
*131 In defense of their action in -removing appellant from office, appellees argue that Section 1, Par. 9, of the City Charter[2] sets forth the Council’s authority for the removal of an officer or employee of the -city, and further, under their interpretation -of the Charter, the appellant holds his appointive offices at the pleasure of the Council and can be summarily removed by a majority vote of the Council, without prior notice or opportunity to be heard.
Under the common law an officer ■could be removed only for cause and after notice and an opportunity to be heard. In the absence of statutory or constitutional provisions to the contrary, the common law rule prevails in this state.[3] It is settled law that statutes designed to alter the common law must speak in clear and unequivocal terms and that the common law will not be changed by doubtful implications.[4] While it has been held that the power of removal is incident to the power of appointment, and that removal may be effected at the discretion of the appointing authority, this rule is applicable only where the appointee holds office at the pleasure of such appointing authority. [5]
Section 1, paragraph 9, of the Port Orange Charter relied upon by the appellee provides that an affirmative vote of a majority of the Council members present shall be necessary to adopt an ordinance or resolution “ * * * or take other official action for and on behalf of said City * * Clearly this language when measured by the foregoing rule of construction falls short of the conclusion urged by appellees. It cannot be said that such language so clearly and unequivocally abrogates the common law requirements as to negative the necessity for notice and hearing. It is pertinent here to note that Section 4 of the City Charter, as amended, provides for the appointment of a city clerk to serve “during the pleasure of the City Council * * No such provision is made with regard to the selection and term of Vice Mayor and City Judge. Had the Legislature intended that the occupant of these offices should serve at the pleasure of the Council, thereby permitting his removal without notice of hearing, it would have so provided.
Section 7 of the Port Orange Charter provides that in addition to the powers expressly granted therein the City Council shall be clothed with all powers and duties provided by the general statutes of the state for town councils. Section 165.18, Florida Statutes, F.S.A., which is a part of the general law of Florida relating to the organization and dissolution of municipalities, provides that two-thirds of the City Council may expel a member or officer of the city or town for disorderly behavior or malconduct in office. Appellant contends and we agree that this section is controlling in the case at bar.
A situation similar to the one here presented was before the Supreme Court of Florida in State ex rel. Gibbs v. Blood-worth.[6] There the City Council summarily removed from office the City Clerk who was holding under appointment by the Council pursuant to the provisions of a City Charter similar to the one now before this Court. The City Clerk had no fixed term of office and there were no express Charter provisions setting forth the procedure for his removal. The Charter did provide, as does the Charter in the instant case, that all general laws of the state applicable to ¡municipal corporations and not in conflict *132 with the city’s Charter shall be applicable to the city. The Supreme Court held that removal of the City Clerk had to he accomplished in accordance with the provisions of then Section 2948, C.G.L. (Section 165.18, Florida Statutes, F.S.A.). As to the Clerk’s term of office it was held to be clear that he was not to hold office subject to the “political whim” of the Commission. The Charter of the City of Port Orange having prescribed a two-year term for the Council members, it is not unreasonable to infer that a like term was intended for offices of Vice Mayor and City Judge to which Council membership was a prerequisite. In prescribing the procedure to be followed by a City Council in removing an officer under Section 165.18, the Supreme Court in the Bloodworth case re-affirmed the rule announced in Bryan v. Landis ex rel. Reeve, supra, to the effect that such proceedings should be conducted in a manner that will give the person charged notice and an opportunity to be heard in defense of any matters alleged against him; and, if the matters alleged warrant expulsion, and are supported by legal evidence the action taken by the requisite vote of the Council will not be disturbed by mandamus proceedings.
It is therefore our conclusion that once a member of the Council has been selected to occupy the office of Vice Mayor and City Judge under the provisions of the present Charter Act of the City of Port Orange, he may be expelled by a two-thirds majority vote of the Council only after due notice of the charges preferred against him, a fair opportunity to defend against such charges, and upon substantial proof of disorderly behavior or malconduct in office. The judgment of this Court is that the City Council acted beyond the scope of its lawful authority in summarily resolving to vacate the appointive offices held by the appellant. Accordingly, the judgment appealed from should be and the same is hereby reversed and the cause remanded for further proceedings consistent with this opinion.
STURGIS, C. J., and TAYLOR, A. J., concur.

. Chapter 11088, Special Acts of 1925, as amended by Chapter 27830, Special Acts of 1951, as amended by Chapter 29457, Special Acts of 1953.

. Sp.Acts 1925, c. 11088, § 4, as amended by Chapter 18812, Special Acts of 1937, as amended by Chapter 27829, Special Acts of 1951.

. Bryan v. Landis ex rel. Reeve, 106 Fla. 19, 142 So. 650.

. Bryan v. Landis ex rel. Reeve, supra.

. Bryan v. Landis ex rel. Reeve, supra.

. State ex rel. Gibbs v. Bloodworth, 134 Fla. 369, 184 So. 1.