WILLIAMS, V. A., Associate Judge.
The' defendants timely appeal an order in equity; (1) granting the plaintiffs’ motion for summary decree; (2) entering a final decree in favor of three plaintiffs and against three defendants (a) adjudicating that the three plaintiffs rather than the three defendants are lawful members of the Civil Service Board of the City of Boca Raton (b) declaring that the purported appointments of the three defendants to the-Board is void and (c) enjoining the three' *887 defendants from acting under their appointments and from interfering with the performance by the three plaintiffs of their duties as members of the Board; (3) providing that costs may be assessed upon application; and (4) retaining jurisdiction for the purpose of enforcement and granting supplementary relief.
Suit was instituted in equity on May 14, 1963, by the three aforementioned plaintiffs, as well as by a fourth member of the Board, whose membership was not challenged. Their unverified complaint sought declaratory and other relief upon allegations, among others, that by reasons of certain facts, hereinafter more fully described, “(a) bona fide dispute exists” between the aforementioned six parties “as to which persons have the authority to act legally as members of the * * * Board,” the said three plaintiffs “are in doubt as to their right, status, and power to continue to act under their appointments;” the fourth plaintiff “is in doubt as to the persons who hold the * * * offices * * * and with whom he should meet and serve;” and the effect of the situation is that “two separate groups are purporting to act,” the business affairs and government required to be regulated by the Board “are in a state of chaos and confusion” and the “public interest” of the city is “adversely affected.” On May 17, 1963, the chancellor issued a temporary injunction without bond, affidavit or sworn complaint, prohibiting either group from serving on the Board pending a final determination of the cause. Motions to dismiss or strike the complaint were denied, whereupon, all the defendants filed sworn answers. The city additionally filed a sworn affirmative defense. The plaintiffs filed a Motion for Summary Judgment upon which hearing was held. On July 19, 1963, the chancellor entered the order appealed.
 The pertinent facts and the reasons for the court’s action are set forth as follows in the introductory portion of the order appealed:
“This cause came on for hearing upon the motion of the plaintiffs for a summary decree. At the hearing on this motion, it appeared from the pleadings, depositions, affidavits, exhibits and admissions on file and the admissions of the defendants through their counsel, that there is no genuine issue as to any material fact. The facts may be summarized as stated below.
“Prior to April 9, 1963, the plaintiffs, JOHN H. CASSADY, DAN DORAN, and WILLIAM S. GUNN, were duly appointed as members of the Civil Service Board of the defendant, CITY OF BOCA RATON, for definite term, none of which has yet expired. On April 9, 1963, the City Commission of said City enacted Ordinance No. 760 which provides in substance that the City Commission, not later than May 1 of each year, shall review the performance and participation of the appointed members of the Civil Service Board and reaffirm or refuse to reaffirm the tenure in office of such members; that such reaffirmation or refusal to reaffirm shall be in the sole discretion of the City Commission, based upon the best interest of the City, with or without specific cause being given; and that failure to reaffirm the tenure in office of any such members of such board shall thereby vacate the position held by such members, effective May 1 of that year, regardless of the time remaining on his unexpired term.
“On April 30, 1963, the City Commission ‘reviewed’ the performance and participation, as members of such board, of the plaintiffs, JOHN H. CASSADY, DAN DORAN and WILLIAM S. GUNN, following which, at such meeting, a motion was passed by the Commission which provided ‘that in the best interests of the City, that the terms of the appointed members of the Civil Service Board, JOHN H. CASSADY, WILLIAM S. GUNN and DAN *888 DORAN, not be extended and their appointments not be reaffirmed.’
"On May 3, 1963, the City Commission appointed three new members to the Civil Service Board, being the defendants GALE H. HEDRICK, GAIL FISCUS and SAMUEL A. McDON-NELL, to serve in lieu of the plaintiffs, JOHN H. CASSADY, DAN DORAN and WILLIAM S. GUNN.
“It is asserted by the defendant City (but not by the other defendants) in an affirmative defense contained in said City’s answer, that certain charges were made against such plaintiffs at such meeting by one of the members of said Commission and that following the making of such charges, the motion above mentioned was passed. However, it is not claimed by any of the defendants, nor can it be inferred reasonably from anything before this court, that any of the plaintiffs knew in advance of such reviewing meeting, that any valid cause existed for their removal or that charges would be asserted against them showing cause for their removal.
“This court is of the opinion that said Ordinance No. 760 is clearly in conflict with the controlling principle that a municipal officer (not serving at the pleasure of the appointing authority) can be removed only for cause after notice and hearing. Hendrickson v. City of Miami, 10 Fla.Supp. 19, affd. [Fla.] 91 So.2d 816; Burklin v. Willis, Fla. [App.] 1st 1957, 97 So.2d 129; State ex rel Gibbs v. Bloodworth, 134 Fla. 369, 184 So. 1; Bryan v. Landis, 106 Fla. 19, 142 So. 650. Once the plaintiffs were appointed to such Board they became entitled to serve out their terms unless removed for cause after notice and hearing. The action taken by the City Commission of Boca Raton on April 30, 1963, notwithstanding the provisions of said Ordinance No. 760, did not have the legal force or effect of removing such plaintiffs from their respective offices, and hence the later-purported appointments of the defendants GALE H. HEDRICK, GAIL FIS-CUS and SAMUEL A. McDON-NELL to said Board were invalid.”
We agree and the trial court is affirmed.
ALLEN, Acting C. J., and ANDREWS,, J., concur.