185 So.2d 194 (1966)
M.L. SAXON d/b/a Saxon Termite Control, Appellant,
v.
Warren E. KNOWLES and the City of Sanford, Appellees.
Nos. 4 & 5.
District Court of Appeal of Florida. Fourth District.
April 20, 1966.
*195 Maurice Wagner, Daytona Beach, for appellant.
W.C. Hutchison, Jr., of Hutchison & Leffler, Sanford, for appellee-City.
PER CURIAM.
Plaintiff, M.L. Saxon doing business as Saxon Termite Control, appeals dismissal with prejudice and without leave to amend two separate amended complaints against the co-defendant, City of Sanford.
Each complaint contained a count directed against Warren E. Knowles, individually, and another against the City of Sanford on the theory of respondeat superior. Both complaints alleged that defendant, Warren E. Knowles, while acting in his capacity as city manager, knowingly made false and malicious representations concerning plaintiff's business reputation and practice to the newspapers and to the public. Each complaint also contained an alternative count alleging that these representations were negligently made by defendant, Knowles, while acting within the scope of his employment.
At the time the orders were entered the First and Second District Courts of Appeal had held a municipality not liable for the intentional torts of its employees committed within the scope of their employment. Middleton v. City of Fort Walton Beach, Fla.App. 1959, 113 So.2d 431; Rose v. City of Fort Lauderdale, Fla.App. 1964, 163 So.2d 889. The Third District Court of Appeal had held to the contrary. Simpson v. City of Miami, Fla.App. 1963, 155 So.2d 829.
Since the filing of briefs in this case the Supreme Court has held that a municipality may be held liable for the intentional torts of its employees committed within the scope of their employment. City of Miami v. Simpson, Fla. 1965, 172 So.2d 435.
Since oral argument in this case the Supreme Court has held that executive officials of government are absolutely privileged from liability for defamatory publications made in connection with the performance of the duties and responsibilities of their office. McNayr v. Kelly, Fla., 184 So.2d 428, opinion filed March 23, 1966. 1966.
*196 The absolute privilege granted an executive governmental official extends to defamatory publications intentionally or negligently made by the city manager of the City of Sanford when committed within the scope of his employment.
The alleged liability of the city is based solely on the doctrine of respondeat superior. Exoneration of the city manager necessarily requires the exoneration of his employer, the City of Sanford. Williams v. Hines, 1920, 80 Fla. 690, 86 So. 695.
Affirmed.
SMITH, C.J., ANDREWS, J., and MELVIN, WOODROW M., Associate Judge, concur.