## POCHIS v. SEABOARD AIR LINE R.R. CO., et al.
### No. 45238-L.
Circuit Court, Hillsborough County.
July 15, 1966.

William Wagner and J. B. Spence of Nichols, Gaither, Beckham, Colson, Spence & Hicks, Tampa, for plaintiff.

William A. Gillen and Ronald McCall of Fowler, White, Gillen, Humkey & Trenam, Tampa, for defendants.

ROBERT W. PATTON, Circuit Judge.

This cause came on to be heard before the court on June 24, 1966 on the motions of the defendant Seaboard Air Line R.R. Co. for judgment notwithstanding the verdict against it and in the

alternative for a new trial, the motions having been filed on May 9, 1966. At the hearing there were present counsel for the defendant railroad and for the plaintiff, and the court heard their arguments with respect to the motions. After the hearing, memoranda of authority were submitted to the court, at its request, by the movant and the plaintiff, which memoranda are filed simultaneously with this order.

The motion for judgment notwithstanding the verdict includes fifteen grounds and the motion for new trial includes forty grounds. At the hearing on motions counsel for the defendant railroad stated that the arguments on the motions would be restricted to two matters and that said defendant would rely upon its arguments made during the trial as to the other grounds of motions. This was agreeable to the court and the court then stated that the grounds given for its rulings during the trial would be considered to be applicable to the grounds of the motions not argued at the hearing.

The only two matters argued by the movant at the hearing were the following —

(1)   That because the jury brought in a verdict in favor of the defendant J. W. Strickland, an individual, the engineer operating the defendant's train at the time of the accident, the verdict in favor of the plaintiff against the railroad — the employer and master of Strickland — was so inconsistent as to require the granting of one or the other of the motions.

(2)   That the court erred in permitting counsel for the plaintiff to argue to the jury a theory that the accident might not have happened had the railroad company installed automatic warning signals or other automatic devices at the crossing in question.

With respect to the first of these two grounds, the movant relies principally upon the following Florida cases — Williams v. Hines, 86 So. 695; Colle v. Atlantic Coast Line R. Co., 14 So.2d 422; Cutchins v. Seaboard Air Line R. Co., 101 So.2d 857; and Saxon v. Knowles, 185 So.2d 194. The court does not disagree with the law expressed in these cases but is simply of the opinion that said law is not determinative of the matter now before the court.

The above cases deal with factual situations where a master and servant are sued as joint tort-feasors under the doctrine of respondeat superior where the only negligent conduct alleged is that of the servant. It is the opinion of the court that there was evidence before the jury in this case from which it could properly have determined that the master in this case, the railroad, was guilty

of negligence which was a proximate cause of the accident and which was entirely separate and apart from any negligence of the defendant Strickland.

Specifically, the evidence revealed that the railroad, through a servant or agent other than J. W. Strickland, had caused a gondola car to be placed on a side track at the crossing within a distance of approximately 23 feet from the edge of the pavement, said side track being located west of the main line track on which the train was being operated by Strickland. The automobile in which the plaintiff's decedent was riding at the time of the accident was going east on the Lutz-Lake Fern Road, and slightly west of the side track on which the gondola car was located there was a railroad station building. The evidence indicated that the gondola car was placed at the aforesaid location the day before the accident — and that Strickland had no knowledge of this fact.

It is the opinion of the court that the jury could have found that the placing of the gondola car at the location in question created a condition which would constitute negligence in the operation, control and maintenance of the train involved in the accident. If the jury so found, then this would have been the negligence of the railroad company alone and not that of J. W. Strickland — there having been no testimony connecting Strickland with the placing of the gondola car adjacent to the crossing or charging him with knowledge thereof sufficiently prior to the accident to have given him an opportunity to effect any change in the manner in which the train was being operated.

Under these conditions the court is of the opinion that the doctrine laid down in the cases cited by the movant with respect to inconsistent verdict would not be applicable. The fact that the placing of railroad cars adjacent to the main track of the railroad is an element which a jury may consider in an accident of this nature is touched upon in the decision of the District Court of Appeal, First District, in Leslie v. Atlantic Coast Line Railroad Company, 103 So.2d 645. This question appears also to have been considered to some extent in Cutchins v. Seaboard Air Line R. Co., supra, cited by the movant, wherein the Supreme Court was commenting on the correctness of an instruction given by the trial court relative to the presence of a freight car on a siding near a crossing. It is to be noted that the crossing involved in this case is located in the heart of Lutz, a community in Hillsborough County, and the evidence indicated that there was considerable vehicular traffic using the crossing at the time of the accident.

With respect to the second ground alleged by the movant, it is the opinion of the court that the argument of counsel for the

plaintiff, objected to by the movant, falls within the limits as set out in Florida East Coast Railway Company v. Soper, 146 So.2d 605. In the present case it is further noted that the jury was fully instructed that the only sign or other warning which the railroad was required by law to maintain at the crossing was the statutory crossbuck sign.

Wherefore, it is ordered and adjudged that the motions of the defendant, Seaboard Air Line R.R. Co., for a judgment notwithstanding the verdict and for a new trial in this case be, and they are each, hereby denied.