195 So.2d 571 (1967)
Ellen O. BAUER, Appellant,
v.
CITY OF GULFPORT, Florida, a Municipal Corporation, and John T. Robinson, Duane E. Skinner and Ralph Howard, Appellees.
No. 7165.
District Court of Appeal of Florida. Second District.
February 8, 1967.
Rehearing Denied March 14, 1967.
*572 C.J. Abernathy, of Jenkins & Abernathy, St. Petersburg, and Bolton & Furnell, Clearwater, for appellant.
James T. Russell and Jack E. Dadswell, St. Petersburg, for appellees.
ALLEN, Chief Judge.
Ellen O. Bauer, plaintiff below, takes an appeal from a final judgment entered upon an order granting defendant-appellees' motion to dismiss.
Appellant filed a "complaint for damages" containing three counts against the City of Gulfport and three city councilmen.
The complaint alleged that appellant was appointed to the position of city clerk in 1961 and performed her duties until September 7, 1965, when the city council convened and by a three to two vote wrongfully removed appellant from her position.
Count I seeks relief against the members of the city council and against the city on the theory of respondeat superior for her wrongful and arbitrary discharge resulting in injury to her name and reputation, mental anguish and loss of income. Count II seeks damages against the city for breach of contract. Count III seeks damages against the three named members of the city council for arbitrarily and without authorization discharging appellant thereby causing her mental anguish and injury to her name.
Appellees filed a motion to dismiss alleging, inter alia, the complaint failed to state a cause of action because defendants are immune from suit, failed to show a duty and breach of duty, failed to allege a term of appointment or term of office and failed to append a copy of the contract to the complaint.
The motion was granted with leave to amend; the appellant failed to amend within the specified time and the judge entered final judgment on the order dismissing the complaint, holding: "That the actions of the city and the city council, whether administrative, executive, judicial or quasi-judicial or what, are immune from an action. * * *"
On appeal, appellant contends that the city council and the city are not immune from suit since the actions of the city council in removing the city clerk are not quasi-legislative or quasi-judicial. Appellant also contends that the city and the city council are not immune from tort actions whether their actions be administrative, executive, judicial or quasi-judicial.
We shall dispose of both arguments together. Appellant begins her argument by showing that pursuant to Section 165.18, Florida Statutes, F.S.A., a city council has the power to discharge an officer of the city only for disorderly behavior or malconduct by a two-thirds vote.
The Legislature, by special act, created the charter for the City of Gulfport. In Chapter 30650, Special Acts of Florida 1955, at 395, the following language appears:
"Section 12. All powers of the City and the determination of all matters of policy shall be vested in the council. Without limitation of the foregoing, the council shall have the power to:
"1. Appoint and remove the City Manager, the city clerk, the city attorney and *573 the municipal judge." (Emphasis added.)
The Legislature, in granting this power to the city by charter, did not limit the council by providing for removal by more than majority vote or on condition of cause as in Section 165.18.
Upon conflict of the general statute and a special charter provision the longstanding rule enables the charter provision to prevail. State ex rel. Bodner v. Carbonelli, Fla. 1955, 80 So.2d 913; City of Orlando v. Evans, 1938, 132 Fla. 609, 182 So. 264; State ex rel. Gibbs v. Couch, 1939, 139 Fla. 353, 190 So. 723.
The city council was not acting contrary to Florida law, but proceeded within its authority in discharging appellant.
The issue narrows into whether the city and the members of the city council can be sued by an employee, now discharged, originally appointed by the city for an indefinite time.
Generally, a municipal employee holds at the pleasure of the appointing authority and the power of removal may be exercised at any time. See: Burklin v. Willis, Fla. 1957, 97 So.2d 129; City of Boca Raton v. Cassady, Fla. 1964, 167 So.2d 886; 4 McQuillin Municipal Corporations § 12.249 (3rd ed. 1949); 3 Antieau, Municipal Corporation Law § 22.22 at 288.31 (1966). Motives which activate removal are not subject to judicial inquiry. 37 Am. Jur., Municipal Corporations § 244 (1941); 38 Am.Jur., supra, § 581; 4 McQuillin, supra, § 12.229; 3 Antieau, supra, § 22.23.
State ex rel. Gibbs v. Bloodworth, 1938, 134 Fla. 369, 184 So. 1; Owen v. Bond, 1922, 83 Fla. 495, 91 So. 686, and other cases cited by appellant, are not controlling.
Bloodworth was a proceeding in quo warranto to test the authority of the city council to fire the city clerk and hire someone to replace him. Here there were no special charter provisions governing the terms of the office of the city clerk. The Court noted that in the absence of a provision in the charter controlling the removal of the clerk, Section 165.18 applied. The action here was not for damages but in quo warranto.
In Owen, the appellant sought a writ of prohibition to stop the members of the city council from ratifying the mayor's action in suspending the chief of police. The writ was sought upon the premise that such action by the city council was a judicial or quasi-judicial act. The Court held the writ not to lie because the power to remove the police chief, vesting in the mayor and ratifiable by the city council, was held to be of an administrative character.
Aside from the count alleging breach of contract (which appears to be deficient for reasons in the motion to dismiss), Counts I and III are subject to appellees' claim of immunity on the broader issue of the applicability of municipal immunity here. While it is difficult to determine the exact nature of the cause of action sounding in these two counts, they appear to be similar to an action in defamation or injurious falsehood. A defamation suit against a municipality and an officer thereof acting within the scope of his employment is subject to the claim of immunity. McNayr v. Kelly, Fla. 1966, 184 So.2d 428; Saxon v. Knowles, Fla.App. 1966, 185 So.2d 194. Insofar as injurious falsehood or a similar tort is concerned, the policy behind the immunity of public officers from defamation suits can apply to the general problem of the liability of public officers for other torts committed while in the performance of a public function. Prosser, Torts (3d ed. 1964) § 126 at 1013-14.
Affirmed.
LILES, J., and WINGFIELD, ROBT. H., Associate Judge, concur.