McCAIN, Judge
(dissenting).
I must respectfully dissent.
The legal principles enunciated by the majority are certainly palatable and exception is taken only with their application in this instance.
The appellant is recognized to be a public figure at all germane times. Clothed with this stature and following attempted elimination of his office (City Prosecutor of Deerfield Beach) by vote of the city commission, he issued a prepared press release which stated in part:
“ ‘It appears that the city commission action was instigated by Ralph Hauser. Mr. Hauser’s action apparently is motivated by a personal vendetta against me which he has nurtured and carried while on the bench of the municipal court. He threatened to have me removed from office a few years ago and made an unsuccessful attempt at that time. * *
“ * * This unwarranted and politically motivated action is an indication of what the people of the City of Deer-field Beach have in store for them as long as Mr. Hauser sits on the city commission. * * *
“ T believe a spade should be called a spade.”
The invitation extended by this obviously hotly contrived statement was accepted by commissioner Hauser, the ap-pellee, who in turn issued his release precipitating this action. It was contained in the same newspaper article covering that of appellant’s and essentially stated the appellant’s respect for truth was not famous and his services to the city might be considered expensive. Reference was also made to appellant as a “boy.”
In considering the qualified privilege theory so adequately discussed by the majority, I agree that it dissipates upon a showing of actual malice. The pleadings contained in the complaint now under our investigation are sufficiently condi-mented with allegations of malice and falsity to survive a dismissal upon this theory alone.
Surmounting the qualified privilege breastworks, liability herein need only *758 breach the final bastion of absolute immunity. Here the battle is lost.
Absolute immunity from liability extends to public servants in judicial, legislative and executive services .where defamatory statements are made in connection with the performance of their duties and responsibilities of office. This absolute immunity extends to county and municipal officials where any false, malicious or badly motivated statements are made by them while serving and acting in such official capacities.[1]
Up to this point I have been in accord with the majority but I now depart.
The decisive question is whether the Statement by the appellee was made in connection with the performance of his duty and responsibility as a city commissioner. I conclude that it was. Statements by both appellant and appellee were contained in the one newspaper article attached to and incorporated into the complaint. Appellant publicly charged the commission’s action in eliminating his office to have been motivated by a vendetta on the part of the appellee, both while ap-pellee served as city judge and later as commissioner. This clarion call to a politically inspired injustice was answered by the one singled out as perpetrator. Could this be construed as anything short of defending both his and the commission’s official action, the conduct of which the general public has a right to expect to be above reproach and gilded with utmost honesty and integrity?
Even, though the appellee may not have been any king’s champion, his action in picking up this gauntlet of castigation should not be deemed unrelated to duty and responsibility to office. The complaint fails to plead anything to the contrary.
An analogy can be drawn between ap-pellee’s conduct and that of the metro manager who rendered the report in Mc-Nayr, supra. Neither party was under a defined regulation commanding any specific action on his part, yet a sense of responsibility under the circumstances dictated it to their consciences.[2]
For these reasons the complaint fails to state a cause of action.
Accordingly, I would affirm.

. McNayr v. Kelly, Fla.1966, 184 So. 2d 428, where a county manager delivered an unsolicited written instrument to members of the board of county commissioners explaining why he had dismissed a certain sheriff.

. See also Saxon v. Knowles, Fla.App. 1966, 185 So.2d 194; Bauer v. City of Gulfport, Fla.App.1967, 195 So.2d 571; Barr v. Matteo, 1959, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434; Montgomery v. City of Philadelphia, 1958, 392 Pa. 178, 140 A.2d 100; Matson v. Margiotti, 1952, 371 Pa. 188, 88 A.2d 892; and Gregoire v. Biddle, 2 Cir. 1949, 177 F. 2d 579, cert. den. 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363.