CITY OF HATTIESBURG *et al. v.* WASHINGTON.*

(Division B. Oct. 13, 1924.)

[101 So. 484. No. 24257.]

CRIMINAL LAW. *Judge of municipal court without power to suspend sentence for violation of municipal ordinance.*

A judge of a municipal court has no power to suspend the execution of a sentence imposed for the violation of an ordinance of the municipality.

––––––––––

*Headnote 1. Criminal Law, 16 C. J., section 3041.

 lAPPEAL from circuit court of Forrest county.
HON. R. S. HALL, Judge.

*Habeas corpus* by Henry Washington against the city of Hattiesburg and others, for release from custody. From an order discharging the petition, the city appeals, Reversed, and petition dismissed.

*D. E. & C. W. Sullivan,* for appellant.

The certified copy of the judgment of conviction filed with the answer of appellants, and also introduced at the hearing, does not show that the police justice attempted to suspend the jail sentence during good behavior. Even if this judgment did show a suspension of sentence during good behavior, that part of the judgment would be void under the ruling of this court in the case of *Fuller* v. *State,* 100 Miss. 811, 57 So. 806.

After the rule announced in the Fuller case, the legislature adopted chapter 207, Acts of 1914, Hemingway's Code, 1275, authorizing circuit courts in misdemeanor cases to suspend a sentence, and to suspend the execution of a sentence or any part thereof on such terms as may be imposed by the judge of the court. If this act is constitutional, and we do not think it is, it would nevertheless have nothing to do with the case at bar. It does not authorize a police justice to suspend the execution of the sentence. Under the rule announced in the Fuller case, the circuit court could not suspend the execution of a sentence, and of course it follows that no inferior court could do so.

By chapter 210, Laws of 1922, (section 3) no justice of the peace or judge shall have authority to suspend the main sentence of one convicted of having more than one quart of whiskey or other intoxicating drink in his possession, and under section 1 of said act, any person so convicted shall be sentenced to serve not less than thirty

days, nor more than ninety days in jail, in addition to the money fine prescribed by law.

By section 17, chapter 189, Laws of 1918, any one convicted of violating the provisions of that act, except as otherwise especially provided, should be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, or both by such fine and imprisonment. It follows therefore that one convicted of having more than one quart of whiskey in his possession must be fined not less than one hundred dollars and imprisoned in jail not less than thirty days. The imposition of this fine and sentence is compulsory, and neither the justice of the peace nor the judge can suspend the jail sentence. It was the absolute duty of the police justice in the case at bar to impose a fine of one hundred dollars and a jail sentence of thirty days.

*Paul B. Johnson* and *Davis & Hill,* for appellee.

The question of the power of a police judge to suspend sentence generally is not raised by the assignment of errors, but only his right to suspend where the accused is tried for having more than one quart of intoxicating liquor, and in fact, counsel have devoted the main part of their argument to this one proposition. The question, therefore, of the power to suspend sentence generally is not before this court, because not raised by the assignment of errors.

Counsel are bound to be in error in assuming that chapter 210, Laws of 1922, had reference to the punishment of liquor violations of municipal ordinances. The provision therein which makes it mandatory to impose a jail sentence, and prohibits a suspension thereof, had reference to state cases only. This is clear because the law expressly prohibits a "justice of the peace or judge" from suspending the sentence, and these courts have jurisdiction only of state cases, and not municipal offenses. Had

the legislature intended that so great a punishment as is prescribed by the act should apply to municipal offenders, and thus authorize this excessive punishment twice for the same offense, that is, by two different agencies, it could easily have so provided in the act, but it did not do so. The legislature would have included police and municipal courts among those restricted, had it intended for the law to apply to such courts, but they having been excluded, it follows that the law has no application to these courts, but only to those named in the act, to-wit: circuit and justice courts, that is, to such cases of which they have jurisdiction, which are state cases only. Criminal statutes, or those imposing penalties and punishments, are to be strictly construed, and cannot be held to embrace cases unless clearly within the terms of the statute.

Turning now to section 3348, Code of 1906, we find that the maximum punishment which may be imposed by a municipality is a fine not exceeding one hundred dollars, *or* imprisonment not exceeding thirty days, or both, which, of course, means that the court may impose any sentence less than the maximum it so desires. Section 3348 is the law which must govern a police or mayor's court in imposing sentence for municipal offenders, and this section was not repealed by chapter 210, Laws of 1922. It is under this section that punishment for violators of the ordinance declaring misdemeanors under the state laws to be violations against the city when committed within its limits is to be imposed, whether the offender be a prohibition offender or some other kind. An ordinance was introduced on the trial by the city whereby all crimes under the state laws amounting to misdemeanors are declared to be offenses against the city when committed within the city limits; the city followed section 3410 in adopting this ordinance, and, as stated, section 3410 authorizes the same punishment as provided for state offenses, not in excess however, of the maximum amount authorized in section 3348, which is a fine not ex-

ceeding one hundred dollars or imprisonment not exceeding thirty days.

We respectfully submit, therefore, that counsel are in error in saying it was the absolute duty of the police justice in the case at bar to impose a fine of one hundred dollars and thirty days in jail. If they are right in their contention, then section 3348 would be impliedly repealed by chapter 210, Laws of 1922, and it would necessarily follow that the police court could inflict the maximum punishment for possession of liquor, to-wit: five hundred dollar fine and ninety days in pail. No such thing was contemplated by the legislature.

The Fuller case can have no application to the question of a police court's right to suspend sentence, for that case was dealing with the power of state courts to suspend sentence.

*D. E.* and *C. W. Sullivan,* for appellants, in reply.

Counsel for appellee contend that section one, chapter 210, Laws of 1922, providing that persons convicted of having more than one quart of intoxicating liquor in their possession shall be sentenced to serve not less than thirty nor more than ninety days in jail in addition to the money fine prescribed by law, does not apply to the punishment of liquor violation of municipal ordinances. The record shows that the city of Hattiesburg, proceeding under section 3410, Code of 1906, adopted the statute laws of the state as to misdemeanors when committed in the corporate limits of the city. This section clearly provides that when the state laws are adopted by a municipality, the same punishment shall be imposed by the municipality that the state imposes, not in excess of the maximum punishment that municipalities may impose. Section 3348, Code of 1906, fixes the maximum penalty at a fine of one hundred dollars and imprisonment for thirty days. The adoption of the state laws by Hatties-

burg had the same effect as if the city had adopted each state law as to misdemeanors including penalties as city ordinances.

It is useless to take up time discussing this question for it has been finally settled by the supreme court in *Cook* v. *City of Pascagoula,* 121 Miss. 5, 83 So. 305.

Cook, J., delivered the opinion of the court.

The appellee, Henry Washington, was convicted in the police court of the city of Hattiesburg on a charge of having intoxicating liquor in his possession, and sentenced to pay a fine of one hundred dollars, and to serve a sentence of thirty days in jail, and the minutes of the police court reciting this judgment were signed by the police justice. The appellee paid the fine of one hundred dollars, and afterwards he was placed in jail to serve the jail sentence of thirty days. He thereupon filed in the police court a petition averring that the jail sentence imposed upon him by the police justice had in fact been suspended upon his good behavior; that pursuant to this sentence the city clerk wrote the minutes of the court and the judgment entries thereon, but in writing the judgment imposing said sentence said clerk neglected and omitted to show in said judgment that the jail sentence had been suspended; that the police justice did not discover the error before he signed the said minutes, and as a consequence the judgment as it appeared on the minutes of the court did not express and impose the true and correct sentence imposed by the court, but that the sentence actually imposed by the police justice appears on the police court docket. The prayer of the petition was that the police justice enter an order correcting the said judgment so as to show that the jail sentence was suspended during the good behavior of the defendant, as intended by the court, so as to really carry out the judgment and intention of the court in sentencing the defendant.

Upon the hearing of this petition the police justice entered an order reciting that the docket of the police court shows that the defendant was fined one hundred dollars and sentenced to jail for thirty days, and that said jail sentence was in fact suspended during good behavior, and that the judgment as entered by the city clerk does not correctly pronounce and impose the true and correct sentence actually imposed by the police justice, and ordering that the judgment as it appears on the minutes of the court be amended and corrected so as to show that the defendant was fined one hundred dollars and sentenced to jail for thirty days, and that said jail sentence was suspended during the good behavior of the defendant.

After the entry of this order in the police court, the city jailer refused to recognize its validity and refused to release the appellee, and thereupon he filed his petition for a writ of *habeas corpus,* averring that the jail sentence imposed against him by the police justice had been suspended during his good behavior, but that the city jailer refused to recogize the validity of this suspension of sentence, and that he was illegally confined in the city jail. The writ was issued and made returnable before the circuit judge of the Twelfth circuit court district, and upon the hearing thereof an order was entered discharging the petitioner, and from this order the city prosecuted this appeal.

In the decision of this case it will be unnecessary to pass upon the validity of the order of the police justice attempting to amend or correct the original judgment as it appears on the minutes of the court. Conceding that the original judgment was properly amended so as to show that the police justice undertook to suspend the jail sentence imposed on the defendant, still he was wholly without power to suspend the sentence or any part thereof, and that part of the judgment which directed that "the jail sentence be suspended during the good be-

havior of the defendant'' was void.  In the case of *Fuller v. State,* 100 Miss. 811, 57 So. 806, 39 L. R. A. (N. S.) 242, Ann. Cas. 1914A, 98, this court held that—

''The power to suspend the execution of a sentence during good behavior has not been conferred upon any court in this state by the Constitution or statutes, and, such power not being essential to the existence of the courts, they have no said inherent power.''

After the decision in the Fuller case the legislature enacted chapter 207, Laws of 1914 (section 1275, Hemingway's Code), which provides that—''The circuit courts, in misdemeanor cases, are hereby authorized to suspend a sentence, and to suspend the execution of a sentence, or any part thereof, on such terms as may be imposed by the judge of the court.''

But the legislature has not attempted to confer such power on a police justice or police court.

The judgment of the court below will therefore be reversed, and the petition dismissed.

*Reversed, and petition dismissed.*