227 So.2d 205 (1969)
STATE of Florida ex rel. Albert JOHNSON, Petitioner,
v.
Sal VIZZINI, Chief of Police, City of South Miami, Florida, Respondent.
No. 38728.
Supreme Court of Florida.
October 8, 1969.
*206 Stephen E. Dalton and Roberta F. Fox, Miami, for petitioner.
Michael Nachwalter, for the City of South Miami, respondent.
BOYD, Justice.
This cause is before us on petition for writ of habeas corpus seeking the release of petitioner who is currently incarcerated in the municipal jail of the City of South Miami.
Petitioner states that on February 10, 1969, he was convicted of intoxication and sentenced to a term of six months by the Municipal Court of the City of South Miami. After serving forty-three (43) days, petitioner was released and placed on probation. Subsequently, on May 12, 1969, probation was revoked by the Municipal Court and petitioner was incarcerated to serve the remainder of the six month term. On the same date, petitioner was convicted of disorderly conduct by creating a disturbance and sentenced to a consecutive term of 30 days. He is currently incarcerated serving a term of 167 days.
Petitioner alleges that his present restraint is illegal because (1) he was not advised of his right to counsel, was never given an opportunity to request counsel, nor did the Court offer to provide him with counsel although he is an indigent; (2) Florida Statute § 165.19, F.S.A., authorizes a Florida municipality to imprison for violation of an ordinance and provides that no one offense shall be punishable by imprisonment for a period of time greater than sixty (60) days, that notwithstanding this Statute the Charter and Ordinance of the City of South Miami purports to empower the Municipal Court to imprison for a term not exceeding six months or a fine not exceeding $500, or both; (3) a portion, at least, of the sentence prisoner is now serving was imposed by the use of probation or parole power of the City of South Miami Municipal Court, that the Municipal Court is not authorized to place prisoners on probation and that the purpose of the probation practice is to allow the Municipal Court to do indirectly what it cannot do directly, that is, to impose a sentence of greater length than authorized by the Statute.
On the basis of the foregoing allegations we issued the writ. Respondent, by motion to dismiss and in his return, challenges petitioner's allegation 1, supra, regarding his right to counsel as "wholly false." Our examination of the record before us indicates that petitioner waived counsel offered by the City. Therefore, it is unnecessary to consider petitioner's contention that there is a right to counsel in municipal courts.[1]
The Charter of the City of South Miami, a special act,[2] provides a maximum of six months' imprisonment for violation of municipal ordinances. The general *207 act[3] provides a maximum imprisonment of sixty (60) days. Where a general act and a special act conflict, the latter prevails.[4] Petitioner's contention that he could not be sentenced to six months' imprisonment by the Municipal Court of South Miami is, therefore, without merit.
The power of a municipal judge to suspend sentence and release the offender on condition of good behavior has not been considered in any reported Florida decision. Municipalities have only such powers as are granted them by the Legislature in express terms or arise by implication, as an incident to powers expressly granted.[5]
The power vested in the Municipal Court of the City of South Miami to impose a maximum penalty of six months' imprisonment and a fine of $500.00 includes by necessary implication the power to impose any lesser penalty and, on consideration of mitigating circumstances, to conditionally suspend sentence.[6]
It is common knowledge that the municipal courts use the suspended sentence and conditional release to very good advantage in cases where the circumstances warrant it. The Court's jurisdiction of the cause cannot exceed the maximum term of imprisonment allowed by charter or general act, as the case may be. Of course, the Court is also regulated by ordinance governing the particular offense.
The petitioner in the instant case was convicted on February 10, 1969. Normally, on August 10, 1969, six months from the date of the trial, the City of South Miami would have lost all power over petitioner for the conviction of this particular offense. However, petitioner herein was released on his own recognizance by Order of this Court dated June 4, 1969. He may be required to serve the number of days which he has been released as a result of this Court Order.
Accordingly, the writ is discharged.
DREW, Acting C.J., CARLTON, J., and SPECTOR, District Judge, concur.
ADKINS, J., dissents in part with opinion.
ADKINS, Justice (dissenting in part):
I concur in the result, but must respectfully dissent to that portion of the opinion which, in effect, authorizes the Municipal Court to grant a parole.
Petitioner was convicted on February 10, 1969 and began serving a sentence of six months. On March 23, 1969, petitioner was released and "placed on probation" by the Municipal Court. On May 12, 1969, petitioner was convicted of another offense in the Municipal Court. At this time the prior sentence was reinstated.
The terms "probation" and "parole" should be distinguished. Probation is that form of action taken by the trial court before the jail door is closed, while parole relates to action taken after the door has been closed on the convicted defendant. See 21 Am.Jur.2d, Criminal Law, § 562; Parole in Florida by Vernon W. Clark, 11 Fla.Law Rev. 68, 70. The question presented *208 is whether the Municipal Court has the authority to grant a parole.
Under the provisions of Art. V, § 1, Fla. Const., F.S.A., the Municipal Court is a part of our judicial system. Upon judgment of guilty the trial court has the alternative, absent some sufficient and lawful reason for temporary delay, of passing sentence forthwith in accordance with the ordinance prescribing the penalty, or of suspending the imposition of sentence for a definite period of time. An order indefinitely suspending the imposition of a sentence or the execution of a sentence is void. See Bateh v. State, 101 So.2d 869 (Fla.App. 1st Dist. 1958); McMahon v. Mayo, 92 So.2d 806 (Fla. 1957).
The Municipal Court is not authorized to suspend a jail sentence for an indefinite period "during the good behavior of the defendant" in the absence of specific statutory authority. City of Hattiesburg v. Washington, 136 Miss. 322, 101 So. 484 (1924).
A sentence in jail is executed only when the convicted defendant has actually suffered the imprisonment unless relieved by some competent authority. A limitation to this general rule is that the convicted defendant has a right to pay his debt to society by one continuous period of imprisonment. State ex rel. Libtz v. Coleman, 149 Fla. 28, 5 So.2d 60 (1941).
In Marsh v. Garwood, 65 So.2d 15 (Fla. 1953), this Court said:
"While a court having jurisdiction of the defendant in a criminal proceeding may order probation after a defendant has been convicted, it has no jurisdiction or power to place a defendant on parole, for that is strictly a function of the executive branch of the government to be exercised only after the defendant has been convicted and sentenced and hence after the judicial labor has come to an end."
Also, as stated in Ragland v. State, 55 Fla. 157, 46 So. 724:
"While it is in the power of the court to suspend or postpone the imposition of a judgment or sentence, it is not within the power of the court to impose the sentence and enter the same of record as a judgment of the court, and then to suspend or postpone or dispense with the execution of the sentence as imposed and entered of record.
"The imposition of the sentence is for the court. The execution of the sentence as imposed is delegated by law to other officials.
"The court has no pardoning power."
A Municipal Court has the power to place a convicted defendant on probation, as long as the conditions and term of probation are definite and the defendant consents. The term of probation, of course, could not exceed the maximum term prescribed as the penalty in the ordinance. The granting of a parole is strictly a function of the executive branch, not the judiciary.
NOTES
[1] See Rutledge v. City of Miami, 267 F. Supp. 885 (D.C.S.D.Fla. 1967); State ex rel. Taylor v. Warden of Orange County Prison, 193 So.2d 606 (Fla. 1967).
[2] Art. I, § 16, Chapter 29539, Acts of 1953: "Section 16. The City shall have the power to establish a municipal Court and the City Council in the City of South Miami shall appoint a judge thereof. Said Municipal Court shall impose penalties for violating ordinances by a fine not to exceed $500.00 or imprisonment at hard labor on the streets, or other works of the municipality or elsewhere, for a term not exceeding six months or by both such fine and imprisonment, and to do all things necessary and expedient for promoting or maintaining the general safety, health and welfare of the municipality or its inhabitants."
[3] Fla. Stat. § 165.19, F.S.A.: "The city or town council may pass all such ordinances and laws as may be expedient and necessary * * * provided * * * that for no one offense made punishable by the ordinances and laws of said city or town shall a fine of more than five hundred dollars be assessed, nor imprisonment for a period of time greater than sixty days."
[4] State ex rel. Bodner v. Carbonelli, 80 So.2d 913 (Fla. 1955); Bauer v. City of Gulfport, 195 So.2d 571 (Fla.App.2nd 1967).
[5] 37 Am.Jur., Municipal Corporations § 281; City of Gainesville v. Board of Control, 81 So.2d 514 (Fla. 1955).
[6] McQuillian, Municipal Corporations § 27.63 (3 Ed. 1964).