627 So.2d 554 (1993)
ROse Marie MONTANTE, Appellant,
v.
Philip J. MONTANTE, Jr., Appellee.
No. 92-3537.
District Court of Appeal of Florida, Fourth District.
November 24, 1993.
Rehearing Denied December 10, 1993.
*555 Norman D. Zimmerman of Zimmerman, Zimmerman & Miceli, P.A., Pompano Beach, for appellant.
Arthur M. Wolff of the Law Office of Arthur M. Wolff, Fort Lauderdale, for appellee.
GUNTHER, Judge.
Rose Marie Montante (Rose) appeals the trial court's order denying a modification of child support, denying her request for attorney's fees, and ordering her to pay Mr. Montante's deposition costs. Rose asserts that the trial court abused its discretion by holding her to a higher standard of proof than the law requires for modification. Rose also asserts that the trial court abused its discretion by denying her request for attorney's fees and by ordering her to pay the deposition costs. We agree with these assertions and reverse.
The marriage of Philip Montante (Philip) and Rose was dissolved on November 6, 1979 by a final judgment that incorporated the parties' voluntary settlement and property agreement. The agreement provided for Philip to pay a total of $400 per month in child support for two children. On January 15, 1991, Rose petitioned for an increase in child support of $634.72 per month for the parties' minor daughter, Alethea, for the 22 month period from January 1991 through November 9, 1992, after Alethea's eighteenth birthday. Rose also sought attorney's fees, alleging her inability to afford her attorney's fees and Philip's ability to pay.
At the modification hearing, Philip's attorney argued that Rose had a heavier burden to prove a substantial change in circumstances in order to merit an increase in child support. He argued that a heavier burden is required because the amount of child support was established by settlement agreement and not by the trial court. The trial court agreed and stated in its order that Rose had failed to meet her heavy burden. However, the law is clear that Rose does not have that burden. See Bernstein v. Bernstein, 498 So.2d 1270 (Fla. 4th DCA 1986); Tietig v. Boggs, 578 So.2d 838 (Fla. 3d DCA 1991), modified, 602 So.2d 1250 (Fla. 1992). In fact, Rose was required to prove a substantial change in circumstances only by a preponderance of the evidence. Bernstein, 498 So.2d at 1271. Therefore, the trial court abused its discretion by holding Rose to a heavier burden of proof than the law requires.
*556 Because of Rose's needs and Philip's superior ability to pay, the trial court also abused its discretion in denying Rose's request for attorney's fees and in ordering her to reimburse Philip for the cost of taking her deposition. An award of attorney's fees and costs in a divorce proceeding depends upon the relative financial circumstances of the parties. Mandy v. Williams, 492 So.2d 759, 761 (Fla. 4th DCA 1986); § 61.16, Fla. Stat. (1991). The proper inquiry is whether one spouse has a need for suit money and whether the other has the ability to pay. Robbie v. Robbie, 591 So.2d 1006, 1009 (Fla. 4th DCA 1991). Accordingly, the trial court's order on attorney's fees and deposition costs is reversed.
Furthermore, on remand, the trial court should reevaluate its finding that all voluntary "payments" Philip made to Alethea during the period in question could have been set off against any increase in child support. No credit should be given for payments made directly to a child unless the payments are given in substantial compliance with a support order. Goldman v. Goldman, 529 So.2d 1260 (Fla. 3d DCA 1988) (holding that spending money, air travel, and a computer are gifts that cannot qualify as set-offs). Here, Philip's gifts to Alethea did not necessarily discharge any duty of support. For example, jewelry and Gucci accessories that Philip gave Alethea are gifts and not support. On the other hand, private school tuition, prescriptions, and health insurance are necessities that may be considered as an element of support. Thus, some of these payments are not necessarily set-offs against any child support increases resulting from the modification proceeding. The trial court should evaluate each payment and set off only those payments directly related to providing necessities for Alethea.
We reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HERSEY and WARNER, JJ., concur.