673 So.2d 954 (1996)
Janet WIDDER, Appellant,
v.
Steven J. WIDDER, Appellee.
No. 95-2425.
District Court of Appeal of Florida, Fourth District.
May 22, 1996.
*955 Stuart R. Manoff of Weissman and Manoff, P.A., West Palm Beach, for appellant.
Melinda Penney Gamot of Melinda Penney Gamot, P.A., West Palm Beach, for appellee.
POLEN, Judge.
Janet Widder appeals from a final order denying her claim for attorneys fees and costs in post dissolution proceedings involving Steven Widder's visitation with the parties' minor child. We reverse.
Section 61.16, Florida Statutes (1993), governs fee awards in dissolution of marriage proceedings including modification proceedings. It provides in pertinent part:
The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals.
In accordance with this statute, it has been generally recognized that a prevailing party standard does not govern in determining whether a party in dissolution or post-dissolution proceedings is entitled to attorney's fees. Rather, it is the relative financial circumstances of the parties that controls. See Davidge v. Davidge, 451 So.2d 1051 (Fla. 4th DCA 1984) (trial court erroneously awarded attorney fees to husband in post dissolution proceedings predicated upon the fact that he was the prevailing party as that is not the proper test in dissolution or post dissolution proceedings); Giovanelli v. Giovanelli, 654 So.2d 154 (Fla. 4th DCA 1995)(principal criterion for award of attorney's fees in marital case is relative financial resources of parties).
At bar, the trial court erred as it did not appropriately consider the relative financial circumstances of the parties in assessing whether to award fees to the former wife. Rather, the trial court used a method of apportioning the attorney's fees in accordance with the same percentages of child support they were required to pay as per the final judgment and section 61.30, Florida Statutes (1991). The trial court's reasoning for determining attorney's fees in this manner was because the issue before the court involved a child, and the mother and father were still a family with regard to solving problems for that child. The child support guidelines were then used as a basis for apportioning what it should cost for each party to solve the problem as a family for that child.
While we are sure that the trial court was well meaning in trying to mold a solution suited to the needs of families in resolving post-dissolution issues involving children, this was still not the method envisioned by the legislature for awarding fees in post-dissolution proceedings under section 61.16, even when the issues involve the parties' children. We further acknowledge that the trial court might have even reached the same result using the method contemplated by the statute. Nevertheless, the fee determination must still be made by considering the relative financial circumstances of the parties as per section 61.16 and the cases interpreting it, and using the appropriate inquiry of whether one party has the need for such fees and the other party has the ability to pay them. Montante v. Montante, 627 So.2d 554 (Fla. 4th DCA 1993). We thus reverse for the trial court to make this determination, and further direct that the court's ruling be based on the existing record, to avoid the necessity of further hearings and expense to the parties.
GLICKSTEIN and STEVENSON, JJ., concur.