SHAHOOD, Judge.
We affirm all issues raised in former wife’s appeal from an order granting former husband’s petition for modification of child support with the exception of the trial court’s award of attorney’s fees to the former wife.
It is well settled that an attorney’s fee determination in dissolution proceedings, including modification proceedings, must be made by considering the relative financial circumstances of the parties as per section 61.16, Florida Statutes, and that the proper inquiry is whether one spouse has a need for such fees and the other has the ability to pay them. Widder v. Widder, 673 So.2d 954 (Fla. 4th DCA 1996); see Montante v. Montante, 627 So.2d 554 (Fla. 4th DCA 1993). Although the record indicates that the trial court made a finding that former wife has a need and former husband has an ability to pay, it nevertheless awarded fees based on the percentages of child support that was required to be paid as per the statutory child support guidelines. In light of this court’s recent opinion in Widder, we find that the trial court erred in apportioning the attorney’s fees in accordance with the same percentages as required for child support. Accordingly, we remand this cause for rede-termination of the attorney’s fee award based on need and ability to pay.
Reversed and remanded with directions.
GUNTHER, C.J., and STONE J„ concur.