WOLF, J.
 

 The Department of Revenue (DOR) seeks review of the trial court’s order requiring appellee to pay past and present child support for the care of his minor daughter. DOR raises several issues; we find merit in only one.
 

 The trial court determined a retroactive child support obligation and allowed appel-lee credit against this support obligation, including approximately $1,600 based on gifts appellee stated he purchased for the minor daughter on Christmases and her birthdays. Section 61.30(17)(b), Florida Statutes (2008), authorizes the assignment of credit against a retroactive child support obligation for:
 

 (b) All actual payments made by a parent to the other parent or the child or third parties for the benefit of the child
 
 *172
 
 throughout the proposed retroactive period.
 

 Here, the record reveals appellee merely testified he purchased $1,600 in gifts for his daughter and did not specify what those gifts entailed except to state he purchased his daughter a puppy at the cost of $500.
 

 Prior to the passage of section 61.80(17)(b), Florida courts generally prohibited the crediting of payments for nonessential items against child support ar-rearages.
 
 Montante v. Montante,
 
 627 So.2d 554 (Fla. 4th DCA 1993) (holding no credit should be given for payments which did not constitute a support obligation paid for a child’s necessities);
 
 see also Dep’t of Revenue by and on behalf of Jones v. Jones,
 
 689 So.2d 1264 (Fla. 1st DCA 1997) (holding gifts purchased for Christmas could not be considered support payments in compliance with the support order);
 
 Goldman v. Goldman,
 
 529 So.2d 1260 (Fla. 8d DCA 1988) (holding payments made for the benefit of a child may not be credited against a retroactive child support obligation absent a showing of compelling equitable circumstances);
 
 Wooten v. Wooten,
 
 510 So.2d 1033, 1036 (Fla. 2d DCA 1987) (holding the same).
 

 It is well settled that statutes must be read in the light of the common law.
 
 H.K. v. State,
 
 711 So.2d 173 (Fla. 3d DCA 1998)
 
 (citing Gonzales v. City of Belle Glade,
 
 287 So.2d 669, 670 (Fla.1973)). Accordingly, the use of the term “benefit” should be interpreted in light of the earlier settled precedent establishing only those payments which provide for the health and well-being of the child may be credited against a retroactive child support obligation. As noted in
 
 Montante,
 
 627 So.2d at 556, “jewelry and Gucci accessories ... are gifts and not support. On the other hand, private school tuition, prescriptions, and health insurance are necessities that may be considered as an element of support.”
 
 *
 

 There are many types of payments which may provide for a child’s necessities so as to “benefit” the child pursuant to section 61.30(17)(b). While a court retains broad discretion in awarding credit, the failure to exercise that discretion constitutes reversible error.
 
 VFD v. State,
 
 19 So.3d 1172 (Fla. 1st DCA 2009)
 
 (citing Steinmann v. State,
 
 839 So.2d 832 (Fla. 4th DCA 2003) for the proposition that failure to exercise discretion constitutes reversible error). Without record evidence establishing the nature of the gifts appellee stated he purchased for his daughter, it is impossible for this court or the trial court to determine if those gifts benefited the child pursuant to section 61.30(17)(b). Accordingly, we reverse and remand with directions that the trial court readdress the issue of credit for past child support in a manner consistent with this opinion.
 

 REVERSED.
 

 WEBSTER, J., concurs; THOMAS, J., concurs in result only.
 

 *
 

 We would note that
 
 Montante
 
 is a decision from the Fourth District and, while we cite it with approval, we decline to suggest that private school tuition would always constitute a necessity for purposes of calculating credit against arrearages.