WOLF, J.
 

 The Department of Revenue (DOR) seeks review of an administrative support order which deviated from the child support guidelines based on a verbal, non-formalized visitation agreement. Because we agree this deviation is prohibited by Florida law, we reverse.
 

 At the hearing below, both the mother and father testified that they shared overnight stays with their daughter, with the mother sharing approximately 60% of the overnight stays and the father sharing 40%. The parents never had a written parenting plan authorized by a trial court, but instead decided visitation among themselves. The administrative law judge (ALJ) deviated from the child support guidelines, finding the father shared substantial visitation with his daughter. DOR seeks review of the order.
 

 In interpreting statutes, “[[legislative intent guides statutory analysis, and to discern that intent we must look first to the language of the statute and its plain meaning.”
 
 Fla. Dep’t of Children & Family Servs. v. P.E.,
 
 14 So.3d 228, 234 (Fla. 2009). “ ‘[T]he statute’s text is the most reliable and authoritative expression of the Legislature’s intent.’ ”
 
 Fla. Farm Bureau Cas. Ins. Co. v. Cox,
 
 967 So.2d 815, 820 (Fla.2007) (quoting
 
 V.K.E. v. State,
 
 934
 
 *167
 
 So.2d 1276, 1286 (Fla.2006)). Courts are
 
 “
 
 ‘without power to construe an unambiguous statute in a way which would extend ... its express terms.... To do so would be an abrogation of legislative power.’ ”
 
 Holly v. Auld,
 
 450 So.2d 217, 219 (Fla.1984) (quoting
 
 Am. Bankers Life Assurance Co. of Fla. v. Williams,
 
 212 So.2d 777, 778 (Fla. 1st DCA 1968)). With these principles in mind, we turn to the pertinent statutory sections related to the issue before us.
 

 Section 61.30, Florida Statutes (2010), governs the calculation of child support in the underlying case and prohibits more than a 5% deviation from the child support guidelines except in certain circumstances. Sections 61.30(ll)(a) and (b) provide the only possible justification for the underlying deviation; however, neither provision authorizes deviation in the underlying case.
 

 Pursuant to section 61.30(ll)(b), a trier of fact
 
 shall
 
 deviate from the guidelines “[wjhenever a particular
 
 parenting plan
 
 provides that each child spend a substantial amount of time with each parent,” and further provides directions to adjust the calculations. (Emphasis added). “Substantial amount of time” is defined as exercising “time-sharing at least 20 percent of the overnights of the year.” § 61.30(ll)(b)(8), Fla. Stat. The term “parenting plan” is defined as “a document created to govern the relationship between the parents relating to decisions that must be made regarding the minor child and must contain a time-sharing schedule for the parents and child.” § 61.046(14), Fla. Stat. (2010). Further, a parenting plan must be (1) “[djeveloped and agreed to by the parents and
 
 approved by a court;
 
 ” or (2)
 
 “Established by the court,
 
 with or without the use of a court-ordered parenting plan recommendation, if the parents cannot agree ... or the parents agreed to a plan that is not approved by the court.”
 
 Id.
 
 (emphasis added).
 

 Here, the statutes’ plain meaning evidences the Legislature’s intent to require deviations from the child support guidelines
 
 only
 
 where a parent shares at least 20% of the overnight stays
 
 pursuant to a court authorized parenting plan. See
 
 §§ 61.046(14), 61.30(11), Fla. Stat. In the underlying case no such plan existed, and thus, deviation was not authorized pursuant to section 61.30(ll)(b).
 

 Moreover, the ALJ was not authorized to deviate from the child support guidelines pursuant to section 61.30(ll)(a), the only other relevant statutory provision authorizing deviation by more than 5%. Section 61.30(ll)(a) authorizes a trier of fact to deviate from the child support guidelines for a limited set of equitable reasons when:
 

 10. The particular parenting plan, such as where the child spends a significant amount of time, but less than 20 percent of the overnights, with one parent, thereby reducing the financial expenditures incurred by the other parent; or the refusal of a parent to become involved in the activities of the child.
 

 11. Any other adjustment that is needed to achieve an equitable result which may include, but not be limited to, a reasonable and necessary existing expense or debt. Such expense or debt may include, but is not limited to, a reasonable and necessary expense or debt that the parties jointly incurred during the marriage.
 

 While the foregoing provision allows the trier of fact to deviate from the child support guidelines to “achieve an equitable result,” this allowance is prefaced by the phrase “[ajny other adjustment that is needed.” § 61.30(ll)(a)(ll), Fla. Stat. The addition of the term “other” indicates the
 
 *168
 
 adjustment must be based on some other grounds not already expressed in the subsection.
 
 Id.
 
 Section 61.30(ll)(a)(10) expressly requires that an equitable deviation based on time-sharing be awarded only where (1) there exists a “parenting plan,” and (2) the parent has time-sharing with the child for less than 20% of the time. As noted above, a parenting plan is defined in section 61.046(14) as a court-approved parenting plan with a time-sharing arrangement that can be created through mediation and later approved by a court, or approved by a court where the parties cannot agree. Thus, the plain language of the statute prohibits a trial court from deviating from the guidelines based on a verbal visitation agreement even where equity compels the deviation.
 

 Further, to the extent section 61.30(ll)(a)(ll) could be read as allowing deviations for any equitable reason, the provision would conflict with section 61.30(ll)(a)(10). It is well-established that “where two statutory provisions are in conflict, the specific statute controls the general statute.”
 
 Palm Beach County Canvassing Bd. v. Harris,
 
 772 So.2d 1273, 1287 (Fla.2000) (citing
 
 State ex rel. Johnson v. Vizzini,
 
 227 So.2d 205 (Fla.1969)). “[I]t also is well settled that when two statutes are in conflict, the more recently enacted statute controls the older statute.”
 
 Id.
 
 (citing
 
 McKendry v. State,
 
 641 So.2d 45 (Fla.1994)). Here, section 61.30(ll)(a)(10) is both the more specific and more recently enacted statute.
 
 See
 
 Ch. 2008-61, § 16, Laws of Fla.; Ch. 2001-158, § 16, Laws of Fla. As such, if conflict existed, subsection 61.30(ll)(a)(10) would control in the underlying case, thereby preventing the ALJ from deviating without a written, court-authorized parenting plan.
 

 Because the Legislature has expressed its intent to authorize deviations from the child support guidelines only where there exists a written, court-authorized parenting-plan, we reverse the underlying order and remand for further proceedings consistent with this opinion.
 

 HAWKES and ROBERTS, JJ„ concur.