PER CURIAM.
The Department of Revenue (“Department”), on behalf of Chianti L. Taylor, appeals a Final Administrative Support Order arguing that the Administrative Law Judge (“ALJ”) erred in departing from the child support guidelines based on a visitation arrangement not contained in a court-approved or court-ordered parenting plan. We reverse based on this court’s recent decision in Department of Revenue v. Daly, 74 So.3d 165 (Fla. 1st DCA 2011).
Section 61.30(ll)(a), Florida Statutes (2011), permits deviation from the child support guidelines and enumerates the equitable factors a court or an ALJ may consider. The two pertinent to this appeal — contained in subsections (ll)(a)10 and (ll)(a)ll — are:
10. The particular parenting plan, such as where the child spends a significant amount of the time, but less than 20 percent of the overnights, with one parent, thereby reducing the financial expenditures incurred by the other parent; or the refusal of a parent to become involved in the activities of the child.
11. Any other adjustment that is needed to achieve an equitable result which may include, but not be limited to, a reasonable and necessary existing expense or debt. Such expense or debt may include, but is not limited to, a reasonable and necessary expense or debt that the parties jointly incurred during the marriage.
The parents in this case have an informal visitation schedule but no court-approved parenting plan. Noting this, the ALJ relied on subsection (ll)(a)ll, known colloquially as the “catch-all” provision, to depart downward from the child support guidelines in setting the appellee’s monthly support obligation.
In Daly, this court reversed a similar downward deviation and held that on the matter of time-sharing, section 61.30(ll)(a) only permits deviation based on a court-approved parenting plan with a time-sharing arrangement, and that the “Any other adjustment” language in the catch-all provision does not permit deviation based on an informal visitation arrangement between the parents. Id. at 167-68. The ALJ did not have the benefit of the Daly decision when entering the support order now on review. Therefore, we reverse the order and remand for further proceedings consistent with Daly.
REVERSED and REMANDED.
DAVIS and MARSTILLER, JJ„ concur.
BENTON, C.J., concurs with opinion.