PER CURIAM.
The Department of Revenue challenges an administrative support order that deviated from the child support guidelines based on an informal visitation arrangement between the parties. Because the visitation arrangement was not contained in a court-approved parenting plan, the deviation was unauthorized.
In setting the Appellee’s monthly child support obligation, the administrative law judge (“ALJ”) departed downward from the guidelines after the Appellee testified *279 that pursuant to an informal arrangement between him and the children’s mother, the children visit him overnight each Saturday and Sunday. Section 61.30(ll)(a), Florida Statutes (2011), permits a trier of fact to deviate from the child support guidelines based on enumerated factors. The ALJ relied on section 61.30(ll)(a)ll., known as the “catch-all” provision, which allows “[a]ny other adjustment that is needed to achieve an equitable' result[.]”
In Department of Revenue v. Daly, 74 So.3d 165, 167-68 (Fla. 1st DCA 2011), we held that a non-court-approved visitation arrangement does not support deviation from the guidelines under section 61.30(ll)(a)ll.
The addition of the term “other” indicates the adjustment must be based on some other grounds not already expressed in [section 61.30(ll)(a)ll., Florida Statutes]. Section 61.30(ll)(a)(10) expressly requires that an equitable deviation based on time-sharing be awarded only where (1) there exists a “parenting plan,” and (2) the parent has time-sharing with the child for less than 20% of the time.... [A] parenting plan is defined in section 61.046(14) as a court-approved parenting plan with a time-sharing arrangement that can be created through mediation and later approved by a court, or approved by a court where the parties cannot agree. Thus, the plain language of the statute prohibits a trial court from deviating from the guidelines based on a verbal visitation agreement even where equity compels the deviation.
Id.; see also Dep’t of Revenue v. Aluscar, 82 So.3d 1165, 1166 (Fla. 1st DCA 2012); Dep’t of Revenue v. Williams, 79 So.3d 240, 241 (Fla. 1st DCA 2012). Accordingly, we reverse the support order on appeal and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
LEWIS, CLARK, and MARSTILLER, JJ., concur.