CLARK, J.
The Department of Revenue (DOR) appeals the final agency action setting the child support obligations of the father in this administrative support proceeding under section 409.2563, Florida Statutes. This case was previously before this court in Dep’t of Revenue ex rel. Mash v. Ingram, 81 So.3d 643 (Fla. 1st DCA 2012). The administrative support order in that case was reversed based on the ruling in Dep’t of Revenue ex rel. Sherman v. Daly, 74 So.3d 165 (Fla. 1st DCA 2011), where this court held that section 61.30(11), Florida Statutes, did not provide authority to deviate from the statutory child support guidelines for equitable reasons when no documented parental time-sharing plan was in place. The order now on appeal is the final administrative support order upon remand.
On remand, the administrative law judge established the father’s current child support obligation in accordance with the child support guidelines in section 61.30, Florida Statutes and no error in this calculation has been shown by the Department. However, the Department correctly argues that the calculation of the father’s retroactive child support obligation erroneously included credit for his “in-kind contribution” of child-rearing responsibilities, in an amount of $352.00.
*170 Section 61.30(17), Florida Statutes, requires the court to consider “actual payments made by a parent to the other parent or the child or third parties for the benefit of the child throughout the proposed retroactive period” in determining a retroactive child support obligation. § 61.30(17)(b), Fla. Stat. (2011). It is possible that gifts purchased for the benefit of the child might qualify as “actual payments ... for the benefit of the child” as contemplated by section 61.30(17). Dep’t of Revenue ex rel. Soto v. Soto, 28 So.3d 171 (Fla. 1st DCA 2010). However, there is no provision in the statute allowing credit for “in-kind contribution of child-rearing responsibilities” to be applied to a retroactive child support obligation, as the administrative law judge ordered in this case. Because retroactive child support is a creature of statute, calculations, including credits, are governed solely by the provisions of the statute and the administrative tribunal has no inherent authority to fashion an equitable remedy not specifically provided for in the applicable legislative enactment. See Dep’t of Revenue ex rel. Sherman v. Daly, 74 So.3d 165 (Fla. 1st DCA 2011) (plain language of statute not to be extended beyond express terms; absence of a court-ordered or —approved parenting plan precludes application of sections 61.30(11)(a) and (11)(b) to make any adjustment to guidelines child support obligation); Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978) (“Dissolution proceedings, although cognizable in equity, are creatures of statute.”).
The concept of crediting one parent’s retroactive child support obligation with a monetary value for days and nights spent with the child in a proportion indicating that the child “visited” that parent is not consistent with the current public policy of this state, described in section 61.13(2)(c)1. & 2., Florida Statutes, “that each minor child has frequent and continuing contact with both parents” and that “parental responsibility for a minor child shall be shared by both parents” unless detrimental to the child. See Ch. 2008-61, § 8, Laws of Fla.; In re Amendments to Florida Supreme Court Approved Family Law Forms, 59 So.3d 792, n. 1 (Fla.2010); Knowles v. Knowles, 79 So.3d 870, n. 1 (Fla. 4th DCA 2012); see also, Schwieterman v. Schwieterman, 114 So.3d 984, 2012 WL 1885907 (Fla. 5th DCA May 25, 2012) (Legislature has “abolished the concept of custody and replaced it with parenting plans and time sharing”). A father’s parenting time with his child is both his right and responsibility. Chapter 61 purposely does not relegate any parent to “visitor” status and monetary credit for time spent on child-rearing prior to a court-ordered or court — approved parenting plan should not be presumed to be an extraordinary expenditure by that parent.
In light of the foregoing, the portion of the final administrative support order after remand awarding Appellee credit of $352.00 toward his retroactive child support obligation is hereby reversed. In all other respects, the final administrative support order after remand is affirmed. This case is remanded for the entry of a corrected final administrative support order imposing the retroactive support obligation without the $352.00 credit.
WETHERELL and MAKAR, JJ., concur.