PER CURIAM.
Appellants Barbara Stevens and Thomas Stevens, as relators for the State of Florida, claim Appellees, various parties involved in the financing, sale, and securiti-zation of mortgages, failed to pay Florida documentary sales taxes associated with certain assignments of mortgage notes. Appellants claim the State of Florida did not receive hundreds of thousands of dollars in tax revenue. They sought to hold Appellees accountable for this alleged failure under Florida’s False Claim Act (the FFCA).[1] Pursuant to the FFCA, Appel *669 lants sought to recover financially for this. Appellants did not seek to recover any monies under section 213.30, Florida Statutes (the Tax Act). The trial court, however, found it lacked subject matter jurisdiction over this private action pursuing recovery for a failure to pay taxes. We agree with the trial court.
Generally, the Tax Act authorizes the Department of Revenue (DOR) “to compensate persons providing information” regarding the failure to pay taxes. § 213.30(1), Fla. Stat. (2011). And, since May 1, 2002,
[njotunthstanding any other provision of law, this section is the sole means by which any person may seek or obtain any moneys as the result of, in relation to, or founded upon the failure by another person to comply with the tax laws of this state. A person’s use of any other law to seek or obtain moneys for such failure is in derogation of this section and conflicts with the state’s duty to administer the tax laws.
§ 213.30(3), Fla. Stat. (emphasis added); see Ch. 2002-218, § 37, Laws of Fla.
Through its authority to compensate, DOR has promulgated rules to administer this payment. See generally Fla. Admin. Code R. 12-18.001-.004. The determination of “compensation,” however, is at the sole discretion of DOR — “not to exceed ten percent ... of the total amount of delinquent taxes, penalties, and interest collected as a result of the information provided.” Fla. Admin. Code R. 12-18.003(1). This statutory scheme creates a mandatory administrative process when taxes are involved.
The FFCA, on the other hand, permits private actions where a person knowingly presents a false claim for payment, knowingly makes or uses a false record or statement, or knowingly conceals or improperly avoids an obligation to pay the State of Florida. §§ 68.082(l)-(2), 68.083(2)-(3), Fla. Stat (2011). FFCA violations are subject to a “civil penalty ... and [to] treble the amount of damages the state sustains because of the act of that person.” § 68.082(2), Fla. Stat. The FFCA additionally provides the person who initiated the litigation “at least 15 percent but not more than 25 percent of the proceeds of the action or settlement.” § 68.085(1), Fla. Stat. This statutory scheme affords a general ability to avail the judicial process for false claims presented to the State.
We are asked to construe, and harmonize if possible, the FFCA and Tax Act in relation to a claim of failure to pay Florida’s documentary stamp tax.
When construing a statute, the starting point must be the language, and the will of the legislature is paramount. See Dep’t of Revenue ex rel. Sherman v. Daly, 74 So.3d 165, 166-67 (Fla. 1st DCA 2011). It is also key that any interpretation harmonize the laws, “for the Legislature is presumed to have intended that both laws are to operate coextensively and have the fullest possible effect.” Palm Beach Canvassing Bd. v. Harris, 772 So.2d 1273, 1287 (Fla.2000). A “well settled” way to harmonize laws is the canon that “a specific statute covering a particular subject area always controls over a statute covering the same and other subjects in more general terms.” See McKendry v. State, 641 So.2d 45, 46 (Fla. 1994); Adams v. Culver, 111 So.2d 665, 667 (Fla.1959); Dep’t of Revenue ex rel. Sherman v. Daly, 74 So.3d 165, 168 (Fla. 1st DCA 2011); 48A Fla. Jur. 2d Statutes § 185 (2013) (“Thus, a specific statute covering a particular subject area always controls over a statute covering the same and other subjects in more general terms.”); 48A Fla. Jur. 2d Statutes § 111 (2013) (directing use of “settled maxims and principles of statutory interpretation”). In *670 this way, the specific statute is seen as an exception to the general statute. McKendry, 641 So.2d at 46. Moreover, “[a] later promulgated statute should prevail as the last expression of legislative intent.” Id.
Applying the accepted construction canons here, the Tax Act precludes Appellants’ FFCA claim. First, the Legislature added the “sole means by which any person may seek or obtain any moneys” portion in 2002 — some eight years after the enactment of the more general FFCA. Compare § 213.30(3), Fla. Stat., and Ch. 2002-218, § 37, Laws of Fla., with § 68.081, Fla. Stat. (2011), and Ch. 94-316, § 1, Laws of Fla. Thus, it can be presumed the Legislature knew of the FFCA and its broad, general nature when it enacted the more specific Tax Act covering the narrow subject of seeking “moneys” for “the failure by another person to comply with the tax laws of this state.” The Legislature further expressed its intent by declaring it was “in derogation” and “conflict[ed] with the state’s duty to administer the tax laws.” See § 213.30(3), Fla. Stat. (2011).
Second, the Tax Act covers the narrow and specific realm of recovering “moneys” for failure to comply with the tax laws. The FFCA covers the broad and general realm of civil penalties and damages along with private remuneration. And here, Appellants seek remuneration (i.e., “moneys”) for Appellees’ alleged failure to pay document stamp taxes — a specifically described “tax” covered by the Tax Act. Consequently, the Tax Act is but an exception to the general FFCA, and the trial court did not err in finding it did not have subject matter jurisdiction. The Tax Act, mandating a DOR procedure, provides the exclusive means by which a person may obtain “moneys.”
Thus, we agree the trial court lacked subject matter jurisdiction to address this claim. This determination is dispositive, making it unnecessary to address Appellant’s remaining issues. Accordingly, the trial court’s order dismissing Appellants’ action is AFFIRMED.
ROBERTS, CLARK, JJ„ and MOSELEY, MARK W., Associate Judge, concur.

. As applicable here, sections 68.081-083, Florida Statutes.