KHOUZAM, Judge.
The Department of Revenue appeals a Final Judgment of Support which deviated from the child support guidelines by more than five percent based on the findings and recommendations of a hearing officer. Because the visitation agreement on which the deviation was based was not approved by the court as required by section 61.046(14), Florida Statutes (2011), we reverse.
On behalf of the Mother, the Department filed a petition for support and other *1194 relief against the Father. The parents reached a written agreement as to visitation but did not file the agreement or have it approved by the court. The matter went before a support enforcement hearing officer, who considered the visitation agreement in calculating the child support obligation. The Department objected to the hearing officer’s considering the visitation agreement in calculating the support obligation, arguing that pursuant to Department of Revenue ex rel. Sherman v. Daly, 74 So.3d 165 (Fla. 1st DCA 2011), the agreement could not support a deviation of more than five percent because it was neither approved nor established by a court. Over the Department’s objection, the hearing officer recommended deviating from the child support guidelines by more than five percent based on the agreement, referring to it as a “parenting plan.” The trial court adopted the hearing officer’s findings and recommendations in the final judgment of support without indicating whether it had approved the visitation agreement. After its motion to vacate was denied, the Department timely appealed.
Sherman, while factually distinguishable, is illustrative. In Sherman, the First District reviewed an administrative support order in which the administrative law judge deviated from the child support guidelines by more than five percent based on a visitation agreement between the parties. 74 So.3d at 166. Although the agreement in Sherman was verbal rather than written, and nothing in the facts of Sherman indicates that the administrative order was adopted by a court, the First District addressed the issue of whether a visitation agreement that has not been approved by a court can qualify as a “parenting plan” as defined under Chapter 61. The court held that where the agreement of the parties has not been approved or established by the court, the plain language of the child support statute prohibits a trial court from deviating from the guidelines based on the agreement. Id. at 168.
Under Chapter 61, a “parenting plan” is defined as “a document created to govern the relationship between the parents relating to decisions that must be made regarding the minor child.” § 61.046(14). The parenting plan “must contain a time-sharing schedule for the parents and child.” Id. And by definition, any parenting plan must be either “[developed and agreed to by the parents and approved by a court,” or “[established by the court ... if the parents cannot agree to a plan or the parents agreed to a plan that is not approved by the court.” § 61.046(14)(a); see also Sherman, 74 So.3d at 167.
Section 61.30 governs child support calculations. Subsection (l)(a) provides that although the guideline amount “presumptively establishes the amount” of child support, the trier of fact has authority to deviate from the guidelines amount by up to five percent based on its assessment of factors such as the needs of the child and the financial status of the parents. However, deviations based on a “parenting plan” are only authorized pursuant to subsections (ll)(a) and' (ll)(b): subsection (ll)(a)(10) authorizes deviations to the minimum award based on the “particular parenting plan” between the parties, and subsection (ll)(b) requires deviation where “a particular parenting plan provides that each child spend a substantial amount of time with each parent.” Although subsection (ll)(a)(ll) also authorizes the court to make “[a]ny other adjustment that is needed to achieve an equitable result,” as the court in Sherman stated, subsections (ll)(a)(10) and (ll)(b) would control, as they are the only statutory provisions that specifically address visitation. See Sherman, 74 So.3d at 167-68. Therefore, deviations of more than five percent based on *1195 visitation are only authorized pursuant to a court-approved parenting plan.
Here, because the final judgment indicates that the deviation from the child support guidelines was based on a visitation agreement that had not been approved or established by a court, we must reverse. The hearing officer was not authorized to approve the visitation agreement because her authority does not extend to issues of visitation. See Fla. Fam. L. R. P. 12.491 (delineating the powers and duties of support enforcement hearing officers without including any authority relating to visitation issues); see also Amendments to the Florida Family Law Rules of Procedure, 723 So.2d 208, 212 (Fla.1998) (concluding that hearing officers are not authorized to hear contested paternity proceedings because they “have no constitutional or statutory authorization to make recommendations regarding custody and visitation”). And, unfortunately, the trial court simply approved the findings and recommendations of the hearing officer without conducting an independent review of the visitation agreement. Nothing in the record indicates that the trial court ever specifically approved the agreement, either before the hearing or in the final judgment.[1]
Nor was the deviation proper as equitable relief under the current statutory scheme. In Sherman, the First District determined that an unapproved visitation agreement could not support a deviation from the guidelines amount “even where equity compels the deviation.” 74 So.3d at 168. The court reached this conclusion despite the equitable catch-all provision in section 61.30(ll)(a)(ll) because it determined that the Legislature’s decision to use the word “other” in that subsection “indicates the adjustment must be based on some other grounds not already expressed in the subsection.” Id. at 167-68. Moreover, the court observed that the subsection explicitly addressing the parenting plan was more specific and therefore controlled over the general catch-all. Id. at 168.
Because the visitation agreement had not been approved or established by a court, it did not meet the statutory definition of a “parenting plan” and could not have supported the deviation based thereon. Although we agree with the trial court’s conclusion that both equity and policy support the deviation in this case, a court cannot “substitute its judgment for that of the Legislature insofar as the wisdom or policy” of clear legislation. Hamilton v. State, 366 So.2d 8, 10 (Fla.1978). Consequently, we must reverse the child support obligation in the final judgment and remand for a recalculation pursuant to section 61.80. If upon remand there exists an agreement meeting the statutory definition of a “parenting plan,” it may be considered in calculating the support obligation and may be used to support a deviation of more than five percent if appropriate.
Reversed and remanded for further proceedings consistent with this opinion.
NORTHCUTT and SLEET, JJ., Concur.

. The issue of whether the trial court can, upon independent review, retroactively approve the visitation agreement in the final judgment is not before this court, and we do not address it. Rather, we are merely observing that nothing in the record indicates the visitation agreement has ever been approved by a court.